59663. TOWNSEND v. THE STATE.

SOGNIER, Judge.

Townsend was convicted in the Superior Court of Baldwin County of simple battery. In addition to the general grounds, appellant contends the trial court erred (1) by admitting opinion evidence; (2) by refusing to admit evidence relating to a pending civil suit for damages filed by the victim against appellant; (3) by denying appellant's motion to quash the indictment; (4) by sentencing appellant to 12 months confinement when the indictment was insufficient to allege the offense of simple battery; and (5) by not charging the jury on the defense of justification when it returned and requested a definition of the offense of simple battery.

1. As to the general grounds, the victim (a dentist) and three eyewitnesses testified that appellant struck the victim several times with his (appellant's) fists, inflicting severe injuries on the victim including three broken ribs. Additionally, appellant testified under oath that he hit the victim two to four times; his explanation for striking the victim was that the victim grabbed a "little old vase-looking thing," grabbed appellant and shoved him out the door. Appellant didn't know if the victim intended to hit him with the object, but "I didn't give him a chance to hit me with it." This evidence is more than sufficient to support the finding. It is obvious the jury did not accept appellant's defense of justification, and the weight of the evidence and credibility of witnesses are questions for the triers of fact. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). We find that a rational trier of fact could have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

Assuming, without deciding, that the trial court erred in admitting opinion testimony and excluding testimony about a pending civil case, any such error would be harmless, because the evidence against appellant is overwhelming. Applying the standard for harmless error set out in *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976), it can be said fairly that it was highly probable that any erroneous admission or exclusion of testimony did not contribute to the judgment in this case. *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515) (1977). This is particularly true in light of appellant's judicial confession.

2. Prior to trial appellant filed a written motion to quash the indictment because it failed to state the manner in which the assault was committed and whether or not a weapon was used, and failed to state who appellant intended to murder; thus, it was insufficient as a matter of law. The motion was denied and appellant alleges such denial was error. Code Ann. § 27-701 provides that every indictment of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms or language of the Code, or so plainly that the nature of the offense charged may easily be understood by the jury. The indictment met both of these requirements, and thus the indictment was sufficient. *State v. Siebert,* 133 Ga. App. 775, 776 (213 SE2d 7) (1975). As the indictment was sufficient, appellant's contention that the court erred in sentencing him, due to insufficiency of the indictment, is also without merit.

3. Appellant's last contention is that the trial court erred in failing to charge on justification as a defense to simple battery. In its initial charge to the jury, the trial court instructed fully on justification as a defense in accordance with Code Ann. § 26-902. In addition, the trial court charged the jury in accordance with Code Ann. § 26-901 as follows: "The fact that a person's conduct is justified is a defense to prosecution *for any crime* based on that conduct." (Emphasis supplied.) Thus, appellant's contention that the jury was not charged that justification is a defense to simple battery is not supported by the record. Further, when the jury retired to deliberate and subsequently returned to ask the court to re-define simple battery, there was no necessity to recharge on justification as a defense absent a request to do so by the jury. Thus, this enumeration is without merit.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED JULY 7, 1980 — REHEARING DENIED JULY 24, 1980 — ▮▮▮▮▮▮

*James M. Watts, Milton F. Gardner,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.