## 60727. JOHNSON v. THE STATE.

BANKE, Judge.

The appellant, a domestic worker, was given an 8-year probated sentence upon her plea of guilty to an accusation charging her with the theft of a ring worth $1,600 from her employer. As a condition of her probation, she was ordered to make restitution in the amount of $1,600 at the rate of $25 per week. After paying a total of $260, she quit making payments, and the trial court accordingly revoked four years of her probation. In this appeal, she contends that the restitution requirement of her probation was invalid because the value of the ring was never adjudicated as required by Code Ann. § 27-2711 (7). The state takes the position that no such adjudication was necessary because the value of the ring was not in dispute and that, in any event, the appellant admitted the correctness of the $1,600 valuation by pleading guilty to the accusation and by signing a written acknowledgment of the terms of her probation, both of which set the value at $1,600. *Held:*

Code Ann. § 27-2711 (7) provides that a probationer shall not be required to make restitution as a condition of probation "if the amount is in dispute unless the same has been adjudicated." Pursuant to this statute, a defendant who does not agree to the amount of restitution ordered by the trial court is normally required to contest the issue at the time the condition is imposed. See *Biddy v. State,* 138 Ga. App. 4 (4), 8 (225 SE2d 448) (1976); *Wilson v. State,* 151

Ga. App. 501 (10) (260 SE2d 527) (1979). In the case before us, however, the appellant was clearly uneducated, was not represented by counsel, and was never offered any meaningful opportunity to dispute the valuation set by the state. Furthermore, the victim swore in his affidavit in support of the arrest warrant that the ring was worth only $300. Thus, the record before the trial court at the time of sentencing itself presented a conflict as to the ring's value. Under these circumstances, we hold that the trial court was required either to inquire into and to adjudicate the actual value of the ring or to obtain from the appellant an affirmative indication that she agreed to the state's valuation. We reject the state's argument that the appellant's plea of guilty to the accusation and her execution of the written acknowledgment of the conditions of her probation constituted such an agreement. The order of revocation is accordingly reversed.

Under Code Ann. § 27-2709, the trial court retains jurisdiction over a probationer during the term of the probated sentence. *England v. Newton*, 238 Ga. 534 (233 SE2d 787) (1977). Accordingly, the court is authorized to conduct another hearing to adjudicate the ring's value in accordance with the rules of evidence, and thereafter to reinstate a restitution requirement in accordance with said adjudication.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

Submitted October 8, 1980 — Decided October 27, 1980 — Rehearing denied November 20, 1980 —

*E. Earl Seals,* for appellant.

*William F. Lee, Jr., District Attorney, Marc E. Acree, Harger W. Hoyt, Assistant District Attorneys,* for appellee.