60390. JOHNSON v. THE STATE.

POPE, Judge.

Ronald Larry Johnson appeals his conviction of aggravated assault. Appellant contends that he did not voluntarily and knowingly waive his right to a jury trial. He also contends that the trial court erred in awarding restitution to the victim, in overruling his motion for directed verdict, in refusing to hear his motion for new trial, and in rendering a verdict unsupported by the evidence and contrary to law. We vacate that portion of appellant's sentence dealing with restitution and affirm as to the remaining issues.

1. Appellant contends that the trial court's inquiry was "very brief and superficial" and not adequate to determine whether his waiver of a jury trial was knowledgeably given. In support of his contention appellant points out that the trial court failed to inform him of, or ascertain whether he knew, the maximum penalty he was facing. "Although a jury trial may constitutionally be waived, the defendant must personally and intelligently participate in the waiver. Patton v. United States, 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 2d 854 (1930). However, defendant's consent need not be in a particular, ritualistic form . . . Since form is unimportant, the only real issue is whether [appellant] intelligently agreed to a trial without jury in this case." Little v. Smith, 347 FSupp. 427, 428 (N. D. Ga. 1971). See Jackson v. Hopper, 547 F2d 260 (5th Cir. 1977), cert. denied, 434 U. S. 842 (1977); ABA Standards, Trial by Jury § 1.2(b) (Approved Draft, 1968).

The record shows that appellant signed a waiver of a jury trial written on the indictment. Upon being notified of appellant's decision and prior to the commencement of the trial, the trial court inquired as to appellant's age (36) and education (10th grade) and determined that he was represented by counsel. The inquiry continued: "THE COURT: All right. The indication is that by virtue

of your having joined issue by pleading not guilty and waiving a jury trial, in other words, you are asking the Judge to try this case without a jury? THE DEFENDANT: Yes, sir. THE COURT: You understand if the Judge tries it without a jury, the Judge becomes the trier of the facts just like the jury. THE DEFENDANT: Yes, sir. THE COURT: And, of course, the Judge is one person, and the jury is 12. You realize you have a constitutional right to have a jury. THE DEFENDANT: Yes, sir."

We are aware of no constitutional requirement that a criminal defendant be advised of the possible length of his sentence before a court agrees to try his case without the intervention of a jury. See *Hill v. Hopper,* 233 Ga. 633 (212 SE2d 810) (1975); ABA Standards, The Function of the Trial Judge, § 4.3 (Approved Draft, 1971). See also, *McCorquodale v. State,* 233 Ga. 369 (3) (211 SE2d 577) (1974). Moreover, the record discloses no attempt by appellant to withdraw his waiver. *Fleming v. State,* 139 Ga. App. 849 (2) (229 SE2d 800) (1976). There is evidence in the record in which the trial court could determine that appellant expressly and intelligently waived his right to a jury trial. Therefore, appellant's first enumeration of error is without merit. Compare *Taylor v. Ricketts,* 239 Ga. 501 (238 SE2d 52) (1977) (waiver of right to counsel); *Ballard v. State,* 150 Ga. App. 704 (1) (258 SE2d 331) (1979) (validity of a guilty plea).

2. Although appellant was sentenced to five years, he was only required to serve weekends in jail for six months; the remainder of his sentence was probated. As a condition of his probation, appellant was required to pay "full restitution" to the victim in the amount of $3000.00. Appellant argues that there was "no medical evidence introduced by the prosecution to support such an award."

"Code Ann. § 27-2711 (7) provides that a probationer shall not be required to make restitution as a condition of probation 'if the amount is in dispute unless the same has been adjudicated.' Pursuant to this statute, a defendant who does not agree to the amount of restitution ordered by the trial court is normally required to contest the issue at the time the condition is imposed." *Johnson v. State,* 156 Ga. App. 511 (274 SE2d 669) (1980). At trial the victim testified that he had incurred "approximately $3000.00" in medical expenses as the result of appellant's assault. Appellant objected to any testimony relating to the victim's medical expenses on the ground that the State had not shown that those expenses were "fair and reasonable." The State elected not to pursue this matter and the trial court overruled appellant's objection. "Thus, the record before the trial court at the time of sentencing . . . presented a conflict as to the [amount of the victim's damages]. Under these circumstances, we hold that the trial court was required to inquire into and to adjudicate the [amount of

the victim's damages] or to obtain from the appellant an affirmative indication that [h]e agreed to the [s]tate's valuation." *Johnson,* supra at 512; Morgan v. Wofford, 472 F2d 822 (5th Cir. 1973). See also *Cannon v. State,* 246 Ga. 754 (3) (272 SE2d 709) (1980).

The record discloses no adjudication of the amount of damages nor any affirmative indication that appellant accepted the State's valuation. Accordingly, that portion of appellant's sentence relating to restitution is vacated. The trial court is authorized to hold a hearing to adjudicate the amount of the victim's damages and "thereafter to reinstate a restitution requirement in accordance with said adjudication." *Johnson,* supra.

3. The testimony shows that appellant repeatedly stabbed the victim, without provocation according to the State and in self-defense according to appellant. The trial court was not persuaded by the testimony offered in support of appellant's self-defense argument, "and the weight of the evidence and credibility of witnesses are questions for the [trier] of fact. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). We find that a rational trier of fact could have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt." *Townsend v. State,* 155 Ga. App. 422 (1) (271 SE2d 7) (1980). Therefore, Enumerations No. 3 and 5 are not meritorious.

4. Appellant cites as error the trial court's failure to hear his motion for new trial. However, the record discloses no such motion but rather shows that appellant invoked the procedure for direct appeal. Appellant's fourth enumeration of error is therefore without merit. Cf. *Shockley v. State,* 230 Ga. 869 (199 SE2d 791) (1973).

*Judgment affirmed in part; vacated in part. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 16, 1981.

*James D. Hollingsworth, Timothy A. Siler,* for appellant.
Ronald L. Johnson, *pro se.*
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys,* for appellee.