61121. HARTLEY v. THE STATE.

POPE, Judge.

Hartley appeals his conviction of three counts of violating the Georgia Controlled Substances Act. The following facts presented at trial were undisputed.

Hartley was clocked on radar by Henry County Police Officer Walsh driving at 71 m.p.h. on the wrong side of the road and stopped. Officer Walsh intended to give Hartley a ticket for speeding and crossing the centerline and let him go on, but when Hartley got out of his car and addressed Walsh as "Occifer," staggering slightly, Walsh placed him under arrest for driving under the influence and took him into custody. Upon searching Hartley's person, Officer Walsh found a glass vial containing a white powder in Hartley's pocket. Hartley's automobile was towed to the jail garage where it was inventoried. Officer Walsh found several paper bags containing twenty plastic bags of a leafy substance he suspected was marijuana, and approximately one thousand tablets which he also suspected of being a drug. Among other items found in Hartley's car were two pistols (a Luger type and an antique style cap and ball), two rifles, three out-of-state license plates, an assortment of clothing, some blankets, an AM-FM radio, film, a fishing rod, a violin, a guitar, a hair dryer, work shoes, and a vast assortment of power hand tools.

Hartley was charged and indicted for unlawful possession of controlled substances after the Georgia State Crime Laboratory identified the suspected drugs as marijuana, cocaine and methaqualone (commonly called "quaaludes").

Hartley appeals, enumerating eleven errors.

1. Appellant's assertion that the warrantless search and seizure of the alleged drugs was not supported by probable cause is without merit. The violation of the speed limit authorized the stop of the automobile; the search of Hartley's person and the limited area within his control inside the car was permissible at the scene of the arrest; and the inventory search of the automobile after it was taken into custody was likewise valid. *Stoker v. State,* 153 Ga. App. 871 (1) (267 SE2d 295) (1980) and cases cited.

2. Hartley's trial defenses included contentions that the state failed to prove either his possession of the alleged contraband or the correct identity of the drugs. He argues on appeal that without "meaningful access" to all of the data of the State Crime Laboratory analyst he was denied preparation for effective cross-examination; and that under a proper construction of Georgia's new discovery statute (Code Ann. § 27-1303 (Ga. L. 1980, p. 1388, eff. April 1, 1980)), this information is required to be furnished to defense counsel upon request ten days before trial.

Code Ann. § 27-1303 provides as follows:

"(a) In all criminal trials, felony and misdemeanor, the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution in its case-in-chief or in rebuttal. This request for a copy of any *written scientific reports* shall be made by the defendant in writing at arraignment or within any reasonable time prior to trial. It shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial if such written request is not made at arraignment. If the scientific report is in the possession of or available to the district attorney, he must comply with this section at least 10 days prior to the trial of the case.

"(b) Failure by the prosecution to furnish the defendant with a copy of any written scientific report when a proper and timely written demand has been made by the defendant shall result in such report being excluded and suppressed from evidence in the prosecution's case-in-chief or in rebuttal.

"(c) Written scientific reports shall include but not be limited to reports from the Georgia State Crime Laboratory; autopsy reports by the coroner of a county or a private pathologist; blood alcohol test results done by a law enforcement agency or a private physician; and similar type reports that would be used as scientific evidence by the prosecution in its case-in-chief or in rebuttal against the defendant." (Emphasis supplied.)

Under the due process standards established in Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), the

prosecution is not required to make a "complete and detailed accounting to the defense of all police investigatory work on a case." Moore v. Illinois, 408 U. S. 786, 795 (92 SC 2562, 33 LE2d 706) (1972). See generally *Jarrell v. State,* 234 Ga. 410, 418 (216 SE2d 258) (1975). However, in Georgia the discovery rights of criminal defendants have been expanded. For example, Code § 27-1403 makes available to a criminal defendant a list of witnesses against him prior to trial. Additionally, Georgia has recognized the general right of a defendant charged with possession or sale of a prohibited substance, when reasonable, to have an expert of his own choosing analyze the substance in the state laboratory under the control and supervision of the state, upon timely motion to the court. *Patterson v. State,* 238 Ga. 204 (232 SE2d 233) (1977), cert. den. 431 U. S. 970. Also, Code Ann. § 68A-902.1 (a) (4), relating to chemical analysis of the blood, urine, breath or other bodily substances of drivers suspected to be under the influence of alcohol or drugs, makes "full information" concerning these tests available to those accused of such traffic misdemeanors.

Thus, the language of the new statute clearly is a further extension of a defendant's right to pretrial discovery. Code Ann. § 27-1303 makes scientific reports available to a defendant upon proper and timely written demand if such information is in the possession of or available to the district attorney. The statute requires the prosecution to furnish the defense "a complete copy of any written scientific reports . . . which will be introduced in whole or in part against defendant. . . ." Appellant urges a construction of this language which would allow discovery not only of the Crime Lab report containing the conclusions of the lab analyst, but would also provide defendant with all the notes and other recordations of data which the Crime Lab compiled during its analysis of the substance and information pertaining to the methods of scientific tests and experiments used. It is argued that access to a laboratory analyst's written data is necessary for effective cross examination; and that it was imperative in the instant case to have the working materials of the lab analyst in advance of trial since the notes of the lab analyst which were made available to him at trial were a mass of lines, graphs, numbers, symbols and computations meaningless to counsel unless he could have it interpreted by an expert.

We are not willing to hold as a matter of statutory interpretation that the provision requiring pretrial production of a "complete copy of any written scientific reports" mandates that the entire written work materials of the State Crime Lab be included in that report. The language of the statute imports to us that the right of pretrial discovery under Code Ann. § 27-1303 was intended by the legislature to allow a defendant to receive a complete written copy of the results

of any scientific analysis, but that the term "written report" as used in the statute does not encompass the written work materials upon which the conclusions contained in the report were based.[1] To hold otherwise would place the onerous burden on the state to produce an endless spectrum of internal memoranda relating to the study, research, communications, computer data and points of view utilized, recorded or relied upon by lab analysts in each and every phase of their investigation. Accord, United States v. Umentum, 547 F2d 987 (7th Cir. 1976); United States v. Orzechowski, 547 F2d 978 (7th Cir. 1976). In any event, the transcript here discloses that the trial judge did in fact allow defense counsel access to all work notes and memoranda of the Crime Lab at trial, and it appears from counsel's able cross-examination of the state's witnesses that he needed no assistance from outside experts.

Providing the defendant with a copy of the State Crime Lab report, even though it may contain only conclusions nevertheless allows a defendant to know what evidence the state has to present against him. This new pretrial discovery tactic will preclude surprise at trial, and the disclosure of the report 10 days prior to trial will enable the defendant to obtain an independent analysis of the alleged contraband in order to determine if the state crime lab report has erred in its analysis and identification of the substance. For these reasons we conclude that a complete disclosure of all work materials used in compiling a scientific report is not contemplated under the provisions of Code Ann. § 27-1303 as enacted. The denial of such information does not unnecessarily prejudice the defendant or curtail his attorney in the presentation of his defense, and indeed, the transcript shows that appellant suffered no harm in the instant case for which he can now complain. Compare *Blackmon v. State,* 158 Ga. App. 665 (1) (1981).

3. We find no abuse of discretion in the failure of the trial court to grant appellant's motion for funds for expert assistance. Not only is there no constitutional or statutory right to the appointment of an expert, the judge's determination that Hartley was not an indigent was supported by the fact that he had retained two attorneys to

---

[1] In addition to the plain language of the statute the intent of the legislature to limit the scope of pretrial discovery in criminal cases may be seen in their rejection of a bill which provided much broader discovery rights for defendants. Among other things, the rejected Senate substitute bill required that defendants be provided with the "reports or statements of experts made in connection with the particular case, including results . . . of scientific tests, experiments, or comparisons." Georgia House Journal Reg. Sess. 1980, Vol. 1, p. 818, 819. The law as passed provided the defendant only a copy of any written scientific report.

represent him at the motion hearing. Accord, *Smith v. State,* 245 Ga. 168, 171 (263 SE2d 910) (1980).

4. Appellant argues that the admission of irrelevant and hearsay evidence of unrelated crimes tended to place his character in issue. Information was imparted to the jury concerning Hartley's apparent intoxication and traffic violations. However, Officer Walsh's testimony regarding these traffic infractions allegedly committed by Hartley was relevant to the legality of the search and seizure of the contraband.

Also introduced into evidence were two pistols recovered from appellant's car at the time of his arrest. The circumstances connected with an arrest are admissible into evidence when the accused is arrested while committing a crime; therefore, the weapons found in the vehicle in which the contraband was concealed and which was driven by the appellant when arrested are admissible in the present case. *State v. Luke,* 232 Ga. 815 (209 SE2d 165) (1974).

The prosecution's frequent reference to Hartley's being "in the business" and "dealing in drugs," and testimony of the state crime lab analyst about the quality and value of the drugs he had tested, which was based upon casual conversations as to general use, dosage and the street value of drugs, apparently was a prosecution tactic which could lead the jury to believe that the appellant was a drug dealer despite the fact that he was not accused of such an offense.

"[I]t is error to allow, over objection of the defendant, prejudicial and irrelevant matter to go before the jury in a trial which tends to place his character and conduct before the jury, where the nature of the case does not involve such character, and the same does not render necessary and proper the investigation thereof. Code § 38-202; [Cits.]" *Anderson v. State,* 206 Ga. 527 (1) (57 SE2d 563) (1950). See also United States v. Green, 548 F2d 1261, 1270 (6th Cir. 1977). However, from our review of the entire record and transcript, we conclude that it is highly probable "that the evidence complained of did not contribute to the judgment" since the competent evidence as to possession was so overwhelming. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1977); *Townsend v. State,* 155 Ga. App. 422 (271 SE2d 7) (1980). Also, the trial court's instruction to the jury that Hartley was charged only with possession of drugs and to disregard any argument that might be suggestive of any charge beyond that was sufficient so that its admission did not constitute reversable error in this case.

5. Hartley moved for directed verdict of acquittal as to Count 1, based upon the state's failure to prove whether the marijuana he was accused of possessing fell within the category defined by Code Ann. § 79A-802 (o) which is punishable under Code Ann. § 79A-811 (j)

Ga. L. 1979, p. 1258, or contained more than fifteen percent tetrahydrocannabinols, thereby placing it within the Code Ann. § 79A-806 (d) (16) (A) definition, for which possession is punished by Code Ann. § 79A-811 (c). See *Aycock v. State,* 146 Ga. App. 489 (246 SE2d 489) (1978). The trial judge denied the motion at that time, but stated that he would look at it later and correct his ruling if he decided that he had been wrong. However, no further disposition was sought or made.

The state's expert testimony that the leafy material was marijuana constituted evidence that the contraband was that defined by Code Ann. § 79A-802 (o), which appellant was charged with possessing. Therefore, even assuming that the motion for directed verdict was not abandoned or waived, a directed verdict of acquittal was not demanded. Code Ann. § 27-1802.

6. Hartley's arrest occurred on January 4, 1980. Under the laws then in effect, the possession of cocaine and methaqualone, as drugs available only by prescription under the Federal Food, Drug and Cosmetic Act, was made illegal under two Georgia Statutes: The Dangerous Drug Act (Code Ann. § 79A-703) and the Controlled Substances Act (Code Ann. §§ 79A-811 (j); 79A-807 (e) (1) (Ga. L. pp. 221, 235, 243)). The 1980 amendment to Code Ann. § 79A-702 (a) rectifies any doubt that this conundrum was not intended, but " ' "[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties administered." ' " *Aycock v. State,* 146 Ga. App. 489, 495, supra. But see *Gee v. State,* 225 Ga. 669, 671 (171 SE2d 291) (1969).

7. The trial court's charge to the jury, that if a person is driving an automobile there is a rebuttable presumption that all therein is his and in his possession, was not unconstitutionally irrational or burden-shifting as urged by appellant. *Autry v. State,* 150 Ga. App. 584, 586 (258 SE2d 268) (1979). For the reasons stated herein, the judgment is affirmed.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 19, 1981 —
REHEARING DENIED JULY 6, 1981 

*Reber Boult,* for appellant.

*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney,* for appellee.