### 63926. CHESTER v. WESTGATE SHOPPING CENTER.

POPE, Judge.
Leo E. Chester (tenant) and Westgate Shopping Center (landlord) entered into a written lease commencing on August 15, 1980 for approximately 2,700 square feet of space to be used as a laundromat. Rental payments were set at $1,250.00 per month and the lease set forth certain special stipulations which Westgate was to perform. On May 18, 1981 Westgate filed a proceeding against Chester as a tenant holding over, seeking rents past due. At the time Westgate filed this proceeding Chester had only paid a total of $5,000.00 in rent. Westgate subsequently amended its complaint seeking late charges, damages incurred to the premises leased by Chester and court costs. At the conclusion of a jury trial in October of 1981, Westgate was awarded possession of the premises and rent in

the amount of $11,812.50. Chester now brings this appeal, his sole enumeration of error being that the evidence was insufficient to support the verdict.

The plaintiff has the burden of proving his case by a preponderance of the evidence. This court has determined that the weight of the evidence and credibility of witnesses are questions for the jury. *Johnson v. State,* 157 Ga. App. 155 (3) (276 SE2d 667) (1981). The evidence in this case showed that from August 1980 to September 1981 Chester paid Westgate a total of only $5,000.00 in rent. Chester admitted that he did not pay the rent due, but alleged that Westgate had failed to perform certain conditions precedent thereto. There were several special stipulations set out in the lease which Westgate was to perform, but these were not conditions precedent to Chester's payment of rent. Moreover, oral testimony on behalf of Westgate, bills for completed work and cancelled checks in payment of those bills indicated that the special stipulations had been satisfied with few exceptions. Therefore, the jury did not err in reaching a verdict in favor of Westgate.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 13, 1982.

*Lenwood A. Jackson,* for appellant.
*Judy M. Alembik,* for appellee.