## 66851. CROXTON v. LEGGETT MOTOR REBUILDING.

BIRDSONG, Judge.

This action was initiated by appellee Leggett to recover $1,598.52 from appellant on an open account. Leggett rebuilds engines and sells wholesale to mechanics and retail vendors. Appellant, d/b/a C&C Auto Truck Service, operates a truck repair business. At trial, appellant did not dispute the balance shown on the account, but denied liability on the ground that it had incurred expenses in excess of that amount as a result of the repair and replacement of a defective engine supplied by appellee. Appellant counterclaimed to recover those costs. The jury returned a verdict in favor of Leggett for $1,598.52.

The sole enumeration of error relates to the trial court's admission of a copy of Leggett's limited warranty. James Leggett testified that a copy of the warranty, which limited Leggett's liability for repair and replacement of defective engines, was attached to all engines sold and was contained in Leggett's catalog that was sent to all customers. The copy admitted into evidence came from the catalog dated November 15, 1979. The alleged defective engine was sold to appellant on October 31, 1979. Mr. Leggett testified that the warranty in effect at the time of appellant's purchase and the one purportedly attached to the subject engine were identical except for a variation of $5 in the allowance for labor for the replacement of a defective engine. Mr. Leggett also testified that he did not have a copy of the exact warranty covering the subject engine.

Appellant bases his objection to the exhibit on the best evidence rule, OCGA § 24-5-4 (Code Ann. § 38-203). OCGA § 24-5-4 (b) (Code Ann. § 38-203) provides that "[i]n all cases where the parties have reduced their contract . . . to writing . . . such writing is the best evidence of [the contract]." OCGA § 24-5-4 (a) (Code Ann. § 38-203) provides that "[t]he best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for."

Appellant's appeal is without merit. OCGA § 24-5-4 (a) (Code Ann. § 38-203) makes the best evidence rule inapplicable whenever the absence of the original writing is "satisfactorily accounted for." OCGA § 24-5-21 (Code Ann. § 38-702) provides that "[i]f a paper shall have been lost or destroyed, proof of the fact to the court shall admit secondary evidence. The question of diligence is one for the sound discretion of the court." This rule applies both to secondary documentary evidence and to parol testimony. *Palmer v. Wilkins,* 163 Ga. App. 104 (3) (294 SE2d 355); *New Ware Furniture Co. v. Reynolds,* 16 Ga. App. 19 (3) (84 SE 491). We find no error in the trial court's admission of the copy of the warranty introduced by appellee Leggett under the facts of this particular case; the weight to be given it and the credibility of Mr. Leggett's testimony concerning the comparative terms of the warranty which came with the engine were merely jury questions. *Mulkey v. State,* 155 Ga. App. 304, 307 (270 SE2d 816).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 3, 1983.

*Monroe Ferguson,* for appellant.
*Paul L. Meiere, Jr.,* for appellee.