## 69654. JOHNSON v. THE STATE.
(330 SE2d 791)

POPE, Judge.

David Allen Johnson was convicted of DUI, fined $1,000 and sentenced to serve 12 months. His sole enumeration of error is that the trial court erred in allowing testimony concerning the chemical test of Johnson's breath over objection that the State had failed to produce the operating record pursuant to a timely written demand under OCGA § 17-7-211. *Held*:

The document at issue is an operating record for a photo-electric intoximeter. It is a pre-printed form which is essentially a checklist of steps to insure proper operation of the machine. There is a notation that the test results showed "first reading" of ".17 gms %." Counsel for Johnson insists this is a scientific report within the ambit of OCGA § 17-7-211. This Code section requires the prosecution to provide the defendant any scientific report in the possession of the prosecution which will be introduced in whole or in part against the defendant.

In *Hartley v. State*, 159 Ga. App. 157 (2) (282 SE2d 684) (1981), we held that OCGA § 17-7-211 requires the defendant be given a complete written copy of the results of any scientific test, but that the statute does not require the State to furnish the written work materials upon which the results and conclusions in the scientific report were based. In *Hartley*, the documents in question were the lab notes and recordation of data which the State Crime Lab used to determine the make-up of certain controlled substances. Our position was approved by the Supreme Court in *Williams v. State*, 251 Ga. 749 (3b) (312 SE2d 40) (1983). Even though the results of the test were noted on the form in question here, it is clear that the form is nothing more than a checklist, a method to insure that the officer operated the machine properly. We agree with the trial court that the document is essentially the recording of the officer's working notes. The complete results of the test — the reading of ".17 %" — were provided to Johnson in writing on the Uniform Traffic Citation given to him. Therefore, it was not error for the trial court to allow the officer to testify concerning the results of the test.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 16, 1985.

*J. Robert Daniel*, for appellant.

*Carl A. Veline, Jr., Solicitor*, for appellee.