### 74264. BAKER v. THE STATE.
(357 SE2d 896)

BIRDSONG, Chief Judge.

Mark E. Baker was the driver of an automobile which crashed, killing his female passenger, Monteen Smith. Baker pled guilty to vehicular homicide in the first degree, reckless driving, improper lane usage, defective equipment, driving without insurance, and driving without a license. He was sentenced, as to the vehicular homicide charge, to 15 years, two to serve and remainder on probation; and he was ordered to pay restitution of $50 per week towards support of Ms. Smith's small children, until the youngest child reaches 18 years, marries or otherwise becomes self-supporting.

Baker contends on appeal this order of restitution is illegal because no restitution hearing was held for consideration of, and findings as to, underlying factors set out in OCGA § 17-14-10. *Cannon v. State*, 246 Ga. 754 (272 SE2d 709); *Garrett v. State*, 175 Ga. App. 400 (333 SE2d 432); *Patterson v. State*, 161 Ga. App. 85 (289 SE2d 270).

The State concedes there was no such hearing, the factors were not considered and no record was made (*Garrett*, supra) ensuring consideration of the factors set forth in OCGA § 17-14-10; but says the defendant is entitled to adjudication of the restitutory amount only when that amount is in dispute (citing *Johnston v. State*, 165 Ga. App. 792, 793 (302 SE2d 708)), and that the appellant did not object to the restitution order but was silent when it was given, citing *Johnson v. State*, 156 Ga. App. 511 (274 SE2d 669). We do not find that these just-cited cases render statutory error harmless or cut off the right of appeal of such error, if the amount ordered is "undisputed" and the appellant was silent when the order was given. OCGA § 17-14-10 provides: "In determining the nature and amount of restitution, the ordering authority shall consider: (1) The present financial condition of the offender and his dependents; (2) The probable future earning capacity of the offender and his dependents; (3) The amount of damages; (4) The goal of restitution to the victim and the goal of rehabilitation of the offender; (5) Any restitution previously made; (6) The period of time during which the restitution order will be in effect;

and (7) Other appropriate factors which the ordering authority deems to be appropriate." This was not done. The result is that the order is unclear, uncertain and vague as to the number of children and their ages, how long it is anticipated this restitution will be made, and what happens if the youngest child marries, becomes self-supporting or dies while another is still a minor.

As in the *Johnson* case cited by the State at 156 Ga. App. 511, this order and finding amount was "undisputed" because the appellant, not having had a restitution hearing, was not given a meaningful opportunity to dispute it. Moreover, a reason the appellant "remained silent" before the trial court when the restitution was imposed, might have been that the trial court immediately advised the appellant he could "appeal these decisions to the Appellate Courts for correction of . . . error[s]." We decline to hold that appellant waived that right by *relying upon it* to dispute the decision on appeal. Although its design and intention is laudatory, the trial court erred in failing to hold a restitution hearing in accordance with OCGA § 17-14-10, and the error was not harmless. The case must be remanded to the trial court to reconsider the matter consistent with the statutes and the case law.

*Judgment reversed and case remanded with direction. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 27, 1987.

*J. Richardson Brannon*, for appellant.
*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.