### 77142. WILSON v. THE STATE.
(374 SE2d 345)

McMURRAY, Presiding Judge.

Defendant was charged with committing the offense of aggravated assault by shooting Theodore Jackson in the back, upper right arm and left leg with a gun. Defendant entered a plea of guilty to the charge. Thereafter, defendant moved to withdraw his guilty plea. The State consented to the withdrawal of defendant's plea and the trial court ordered that the plea be withdrawn.

Defendant subsequently entered another guilty plea. He was sentenced to confinement for a period of 20 years, 5 years to serve and the remainder on probation. As a condition of probation, defendant was ordered to pay a fine in the amount of $500, a $50 surcharge on the fine (pursuant to the "Peace Officer and Prosecutor Training Fund Act of 1983"), restitution in the amount of $33,185.35 and a law library fee of $2, for a total of $33,737.35. In order to pay the total amount, defendant was ordered to make payments of $150 per month

to the probation office upon his release from prison.

Defendant moved to modify the sentence, contending he was not afforded an opportunity to contest the imposition of restitution. In this regard, he alleged the amount of restitution was never adjudicated and that it constituted a penalty for a debt because it was to be paid to a hospital, not the victim.

The trial court conducted a hearing upon defendant's motion to modify the sentence. At the hearing, a patient's account representative for the hospital testified that the victim owed the hospital $33,185.35. She said that amount represented reasonable expenses incurred by the victim for treatment. She also stated she found nothing in the hospital records to indicate that the victim was treated for anything other than gunshot wounds. In this regard, the account representative averred that the victim's expenses were "all related, I believe, to the gunshot wound; I mean that is what he was in there for and he stayed there until he was well and he was discharged."

At the conclusion of the hearing, the trial court denied defendant's motion to modify the sentence. Thereupon, defendant appealed. *Held*:

1. Defendant no longer contends that the amount of restitution was not adjudicated. See in this regard OCGA § 42-8-35 (7) which reads, in part: "[N]o reparation or restitution to any aggrieved person for the damage or loss caused by his offense shall be made if the amount is in dispute unless the same has been adjudicated." See also *Johnson v. State*, 156 Ga. App. 511 (274 SE2d 669); *Johnson v. State*, 157 Ga. App. 155, 156 (2) (276 SE2d 667). Rather, he asserts the adjudication was improper because the evidence adduced at the motion hearing did not establish that the victim's medical expenses were incurred as a result of the shooting.

The evidence was more than sufficient to enable the trial court to conclude that the expenses incurred by the victim resulted from the aggravated assault committed by defendant. The mere fact that the hospital account representative stated she "believed" that to be the case does not detract from the overall certainty of the evidence. The first enumeration of error is without merit.

2. Defendant also urges us to reverse the imposition of restitution on the ground that he cannot be required to make restitution to the hospital since he did not commit a crime against that entity. We disagree. It was the victim who incurred the expenses at the hospital. The payment of the victim's hospital bill constitutes restitution to him. Defendant's second and third enumerations of error are meritless.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 6, 1988.

*Michael S. Meyer von Bremen*, for appellant.
*Hobart M. Hind, District Attorney*, for appellee.