### 77900. GOULD v. THE STATE.
(381 SE2d 442)

POPE, Judge.

Appellant's sole enumeration of error is that the trial court failed to comply with the requirements of OCGA §§ 17-14-8 through 17-14-10 in ordering restitution in this case. Specifically, he argues that the trial court failed to make written findings as required by OCGA § 17-14-8 and did not expressly address the factors set forth in OCGA § 17-14-10. The State concedes that the record is "arguably incomplete," but contends that the record of sentencing immediately after trial shows "substantial compliance" with the statute's intent.

We find this situation to be controlled by *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985). "[W]e are persuaded that this case must be remanded to the trial court for preparation of written findings of fact related to the factors in OCGA § 17-14-10. Common sense dictates that the only way it can be assured that the Code requirements are complied with, and to test compliance, is for a record to be made. As the record does not show totally what information the court had before it, it may be that the information was sufficient to allow a consideration of the required factors. If not, another hearing will be necessary. The trial judge is the best judge of that." (Indention and citation omitted.) Id. at 403. Accord *Baker v. State*, 183 Ga. App. 100 (357 SE2d 896) (1987).

*Judgment vacated and case remanded. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 6, 1989.

*Charles J. Reich*, for appellant.
*Robert E. Keller*, District Attorney, *Lisa A. Curia*, Assistant District Attorney, for appellee.