## 46990. ANSON v. THE STATE.
### (383 SE2d 893)

BELL, Justice.

The appellant, Lonnie Ray Anson, was convicted of malice mur-

---

der, armed robbery, and motor-vehicle theft. The trial court sentenced Anson to life imprisonment for murder, and to consecutive twenty-year and ten-year terms of imprisonment for armed robbery and motor-vehicle theft respectively.[1] Anson now appeals, contending that the evidence is insufficient to support his convictions; that, under the facts of this case, armed robbery is a lesser-included offense of malice murder and motor-vehicle theft is a lesser-included offense of armed robbery; and that therefore his convictions for those crimes should be set aside. We affirm.

Anson worked as a dock man at the Dempsey Sealtest Dairy in Smyrna, Ga. The victim, Ricardo Weaver, drove a delivery truck for the dairy. Anson worked from 6:00 p.m. to 2:30 a.m., and, as part of his duties, unloaded empty containers from Weaver's delivery truck and restocked it for Weaver's run the next day. Weaver worked from about 8:00 a.m. to 6:30 p.m. Weaver would drive his own Datsun truck to the dairy, and would then make his deliveries in a truck belonging to the dairy. After making his deliveries, Weaver would total his cash and checks, and then make a nightly deposit.

On October 1, 1987, Weaver completed his deliveries and returned to the dairy at about 7:30 p.m. Weaver's supervisor testified that at that time only a few employees were left at the dairy, including Anson and Weaver. The supervisor added that when he left the dairy he saw Weaver walking toward the employee parking lot.

The following morning Weaver's partially loaded delivery truck was still parked at the loading dock. Weaver's Datsun truck, however, was not in the employee parking lot. Weaver did not return to work thereafter. Bank records revealed that Weaver's deposit for October 1, 1987, had not been made.

On November 2, 1987, Weaver's body was found under wooden pallets in a field behind a vacant auto parts store. The medical examiner found three .22 caliber bullets in Weaver's chest, and a large rectangular hole in his skull that had been caused by a blow to the back of the head. The examiner testified that the primary cause of death was the blow to Weaver's head, with the gunshot wounds as a contributing factor.

On November 3, 1987, Weaver's Datsun truck was found in Ohio. Billy Hambrick, who was driving the truck, was arrested. Hambrick subsequently implicated Anson in the robbery and murder of Weaver.

---

[1] The crimes occurred on October 1, 1987. Anson was indicted on February 26, 1988, and the state sought the death penalty. The jury returned its verdict of guilty on October 14, 1988. The jury returned its recommendation of a life sentence on October 15, 1988, and the trial court sentenced Anson that same day. Anson filed a motion for new trial on November 3, 1988, and the transcript was certified by the court reporter on December 13, 1988. The trial court denied Anson's motion for new trial on April 4, 1989, and Anson filed his notice of appeal on April 6, 1989. The case was submitted for decision on briefs on June 9, 1989.

As a result, Anson was arrested. The police gave Anson his *Miranda* rights, and interviewed him. Anson made a statement to the police that was introduced into evidence at trial. Anson stated he knew Weaver carried a lot of money at the end of his route, because Weaver had one of the larger routes at the dairy. Anson stated that Hambrick first had the idea to rob Weaver, and that on the day of the crimes, Anson brought a .22 caliber pistol to work with him. That day, Hambrick drove Anson to work, and they decided to rob Weaver. Anson stated that when Weaver left that night, Hambrick approached Weaver in the parking lot, and shot him. Anson stated that he was on the dock when he heard one shot. At that time Anson grabbed a pipe that was leaning against some steps at the diary and hit Weaver in the back of the head. According to Anson, after he hit Weaver, Weaver quit moving. Anson then reached in one of Weaver's back pockets and took out about $300. After counting the money, Hambrick and Anson put Weaver's body in Weaver's truck. Anson then drove the truck to the field where they dumped the body. Anson stated that the morning after the murder, Hambrick took Weaver's truck and left for Ohio.

1. In his first enumeration of error, Anson argues that the evidence is insufficient to support his convictions. However, after examining the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Anson guilty beyond a reasonable doubt of malice murder, armed robbery, and motor-vehicle theft. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error Anson contends that, under the facts of this case, armed robbery was a lesser-included offense of malice murder and motor-vehicle theft was a lesser-included offense of armed robbery. He argues that those two convictions should therefore be set aside. We disagree. Under the facts of this case, armed robbery was not a lesser-included offense of malice murder, *Smith v. State*, 258 Ga. 181, 184 (5) (366 SE2d 763) (1988); *Hoerner v. State*, 246 Ga. 374 (1) (271 SE2d 458) (1980); *Hawes v. State*, 239 Ga. 630, 631 (1) (238 SE2d 418) (1977), and motor-vehicle theft was not an included offense of armed robbery. *Holt v. State*, 239 Ga. 606, 607 (238 SE2d 399) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1989.

*James W. Bradley,* for appellant.

*Thomas J. Charron,* District Attorney, *Debra H. Bernes, Nancy I. Jordan,* Assistant District Attorneys, *Michael J. Bowers,* Attorney

*General, Leonora Grant,* for appellee.