A92A1772. RATLIFF v. THE STATE.
(427 SE2d 85)

POPE, Chief Judge.

Defendant was convicted of violation of the Georgia Controlled Substances Act, attempted robbery, driving with an unlawful blood alcohol level and driving without a license. Defendant's enumerations of error relate solely to the conviction for driving with an unlawful blood alcohol level.

Defendant filed a timely motion requesting the production of scientific reports. After the jury was selected, but before the trial commenced, defendant filed a motion in limine requesting the court to rule that no evidence could be presented concerning the result of the intoximeter test administered to defendant on the night he was arrested on the ground the State had not complied with defendant's request for production of scientific reports. The transcript of the hearing on defendant's motion shows the State did not provide a copy of the intoximeter results to defendant. Defendant's attorney, however, admitted the prosecuting attorney informed her of the result of the intoximeter test orally during a telephone conversation on "Sunday," which appears to be the day before the trial was scheduled to commence. The trial court denied defendant's motion in limine on the ground that an intoximeter test result is not a scientific report for purposes of OCGA § 17-7-211 and because defendant's attorney was advised of the test result.

As defined within the Code section, "the term 'written scientific reports' includes, but is not limited to . . . blood alcohol test results done by a law enforcement agency or a private physician; and *similar type* reports that would be used as scientific evidence by the prosecution in its case-in-chief or in rebuttal against the defendant." (Em-

phasis supplied.) OCGA § 17-7-211 (a). Where, as here, the State intended to rely solely upon an intoximeter breath test to prove defendant's intoxication, the printed result of that test is certainly a written scientific report. See *Starnes v. State,* 196 Ga. App. 262 (1) (395 SE2d 603) (1990); *Johnson v. State,* 194 Ga. App. 501 (3) (391 SE2d 132) (1990); *Henson v. State,* 168 Ga. App. 210 (1) (308 SE2d 555) (1983) (in which this court held that despite the State's failure to provide a copy of intoximeter test results pursuant to the defendants' motions for production of scientific reports, the defendants could not have been harmed because in each case the officer who administered the test provided defendant with a copy). Although the prosecutor represented at the hearing that the officer who conducted the test provided a copy of the written test results to defendant, that officer was a witness at trial but did not so testify. Thus, unlike the cases cited above, the State's failure to produce the written report in this case is not saved by evidence that defendant was provided a copy of the results at the time the test was conducted.

Defendant was provided, however, with a notation of the test results in writing on the Uniform Traffic Citation given to him. Even though he was not given a copy of the test print-out, this is sufficient to give defendant notice of the test result. "The document at issue is an operating record for [an] . . . intoximeter. It is a pre-printed form which is essentially a checklist of steps to insure proper operation of the machine. . . . [T]he document is essentially the recording of the officer's working notes [which, pursuant to *Hartley v. State,* 159 Ga. App. 157 (2) (282 SE2d 684) (1981), are not required to be produced by the terms of OCGA § 17-7-211 (b)]. The complete results of the test — the reading of [.23 gms.] — were provided to [defendant] in writing on the Uniform Traffic Citation given to him. Therefore, it was not error for the trial court to allow the officer to testify concerning the results of the test." *Johnson v. State,* 174 Ga. App. 579 (330 SE2d 791) (1985). Under the "right for any reason rule" the judgment of the trial court is affirmed.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JANUARY 15, 1993.

*Steven L. Harris,* for appellant.
*W. Fletcher Sams, District Attorney, Sharon J. Law, Assistant District Attorney,* for appellee.