## A93A0162. JOHNSON v. THE STATE.
(433 SE2d 638)

JOHNSON, Judge.

Anthony Dean Johnson was convicted of driving under the influence of alcohol and no proof of insurance. He appeals from his conviction.

1. Johnson contends that the trial court erred in admitting the results of his intoximeter test. He argues that despite his demand for scientific reports pursuant to OCGA § 17-7-211, he was provided with a copy of the intoximeter results only two days prior to trial. "When a written scientific report is furnished late, the appropriate remedy is

for the trial court to grant a continuance or recess upon timely request by the defendant." *Shannon v. State*, 205 Ga. App. 831, 832 (1) (424 SE2d 51) (1992). When the case was called for trial, Johnson moved for a continuance, indicating that one day would be sufficient. The trial court denied the request for a one-day continuance, but granted a one-hour continuance. "The grant or denial of a motion for continuance is within the sound discretion of the trial court, OCGA § 17-8-22, and will not be disturbed absent a showing of abuse of that discretion. . . . As appellant has not shown how additional time would have benefitted him or how the lack of time harmed him, we find no abuse of discretion in the trial court's denial of the motion for continuance." (Citations and punctuation omitted.) *Robinson v. State*, 202 Ga. App. 576, 577 (2) (a) (415 SE2d 21) (1992).[1]

Additionally, the officer who administered the test informed Johnson of the results immediately after it was administered, although it is not clear from the record if he provided Johnson with a copy of the report. The accusation, served on Johnson four months prior to trial, stated that he was charged with driving with a blood-alcohol level of .13, the reading of the intoximeter. In *Ratliff v. State*, 207 Ga. App. 112 (427 SE2d 85) (1993), this court held that the notation of the intoximeter test results on the traffic citation was sufficient to give defendant notice of the result, even if he did not receive a copy of the intoximeter test results itself. Because Johnson had the information contained on the intoximeter report, the trial court did not err in admitting the results of the test.

2. The arresting officer testified that the insurance card Johnson presented to him was expired and had been altered. He also explained the absence of the card at trial, stating that he returned the card to Johnson at the jail. In his second enumeration of error, Johnson asserts the trial court erred in allowing testimony concerning the card as it violated the best evidence rule. OCGA § 24-5-4 (a) provides: "The best evidence which exists of a writing sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for." Whether to accept the explanation of the absence of the document is a determination that lies within the discretion of the trial court. *Croxton v. Leggett Motor Rebuilding*, 168 Ga. App. 258, 259 (308 SE2d 640) (1983). Particularly in light of Johnson's own admission at trial that he did not have an insurance card because he paid for insurance in installments, we do not find that the trial court abused its discretion in allowing the officer's testimony without producing the card it-

---

[1] We note that a jury was impaneled and the trial began. During the lunch recess one of the jurors indicated that she would be unable to render a verdict in the case. A mistrial was declared and the case was continued until the next morning. Even though Johnson's request for a day's continuance was denied by the trial judge it was granted by circumstance.

self.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Cooper, Andrews and Smith, JJ., concur. Beasley, P. J., concurs specially. Blackburn, J., concurs in part and dissents in part.*

BEASLEY, Presiding Judge, concurring specially.

I concur in affirmance of the judgment. However, the denial of a one-day continuance was an abuse of discretion. The reason is that defendant was by law entitled to the report ten days *before* trial, OCGA § 17-7-211, and his continuance request was a reasonable one. The State did not show that a one-day delay, caused by its own delinquency, would jeopardize the presentation of its case.

The "notice" that the State intended to prove the blood-alcohol level of .13, either in the citation or by the officer orally, is not the scientific report which the State must produce under the Code. Neither "notice" was a substitute for the report, nor did it excuse or ameliorate the failure to comply with the statute.

Nevertheless, the error was moot because defendant had a one-day continuance in effect, due to the mistrial.

BLACKBURN, Judge, concurring in part and dissenting in part.

I concur with Division 2 of the majority opinion, but I must respectfully dissent from Division 1 which finds that the trial court's grant of a one-hour continuance did not constitute an abuse of discretion.

In this case, despite the appellant's timely demand for a copy of his intoximeter test results, the state failed to provide him with such until two days before trial. It is uncontroverted that the state either had possession of or access to the report at least ten days before the trial. The state's tardiness in furnishing the appellant with the copy of his intoximeter test results thus constituted a clear violation of OCGA § 17-7-211.

As noted by the majority opinion, when the state provides a scientific report tardily, the appropriate remedy is for the trial court to grant a continuance or recess upon the timely request for such by the defendant. *Shannon v. State*, 205 Ga. App. 831 (1) (424 SE2d 51) (1992). The appellant did just that here, but in granting him only a one-hour delay, the trial court eviscerated that remedy. In short, although the appellant played by the rules codified at OCGA § 17-7-211 and previously pronounced by this court, neither the state nor the trial court did.

Under OCGA § 17-7-211 (b), the state must produce the scientific report at least ten days before the trial, if the defendant demands a copy and if the report is in the possession of or available to the state. Inasmuch as the statute gives a defendant the right to have

a scientific report at least ten days before trial in such a situation, it would appear that where a scientific report is furnished to the defendant less than ten days before trial, there should be no room for denying a defendant, upon demand for such, a continuance equalling at least the number of days the state was late in providing him with the report. To allow otherwise converts a statutory right into a discretionary matter with the trial court.

I find the majority opinion's reliance upon *Ratliff v. State*, 207 Ga. App. 112 (427 SE2d 85) (1993), to be misplaced. *Ratliff* addressed the admissibility of the intoximeter test results where the state failed to provide the defendant with a copy of the printed intoximeter test result, and not whether a continuance was appropriate where such a report had been provided tardily. Further, *Ratliff*'s applicability may be questionable because it relies upon *Johnson v. State*, 174 Ga. App. 579 (330 SE2d 791) (1985), which did not involve a scientific report within the meaning of OCGA § 17-7-211.

In summary, because the state failed to furnish the appellant with a copy of his intoximeter test results within ten days of the trial as required under OCGA § 17-7-211, the appellant was entitled to a continuance to allow him adequate time to respond to the report. The fact that the appellant was informed of the test result on the uniform traffic citation issued to him should not obviate his rights derived from that statute.

The appellant's request for a one-day continuance in this case was quite reasonable as he was entitled to the full ten days provided by statute. If the state cannot comply with the statute, the trial should be continued until it can without the necessity of any showing of harm by the defendant. Rather than constituting an acceptable exercise of discretion, the trial court's grant of a one-hour delay instead made a mockery of the appellant's right to a continuance, and I cannot concur with the majority opinion's approval of it.

DECIDED JUNE 23, 1993 —
RECONSIDERATION DENIED JULY 13, 1993 — 

*Summer & Summer, Daniel A. Summer*, for appellant.
*Jerry Rylee, Solicitor, Graham McKinnon IV, Assistant Solicitor*, for appellee.