## A93A2048. FONSECA v. THE STATE.
(441 SE2d 912)

COOPER, Judge.

Defendant pled guilty to one count of armed robbery, one count of kidnapping, and two counts of motor vehicle theft. He was sentenced to twelve years in prison and eight years probation. As a condition of probation, he was ordered to make restitution jointly and severally with his co-defendant in the amount of $6,914 at the rate of $75 a month. He appeals from his conviction and sentence.

At the plea hearing, the prosecutor presented the facts of the case. Defendant and a co-defendant, who had rented a room from the victims, Mr. and Mrs. Huang, asked Mr. Huang to give them a ride in his Jeep to an apartment complex. When they arrived at the complex, defendant stuck a knife in Mr. Huang's ribcage, and he and the co-defendant tied up Mr. Huang and drove back to the Huangs' apartment. They left Mr. Huang in the Jeep, confronted Mrs. Huang with a knife, and forced her to write out two $5,000 checks. They also took $500 in cash, a camera, and two rings. They tied up Mrs. Huang and left her in the bedroom. They then took Mrs. Huang's keys, and defendant drove off in her car, a Honda Civic, while the co-defendant drove off in the Jeep, with Mr. Huang in the back seat.

1. Defendant first contends that his conviction for motor vehicle theft of Mrs. Huang's Honda should be set aside because it was a lesser included offense of armed robbery. Specifically, defendant contends that the evidence used to establish his armed robbery conviction was the taking of Mrs. Huang's keys at knifepoint and that this same evidence was also used to establish theft of the Honda. This contention is without merit. "In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6, we look to the actual evidence introduced at trial. If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6." (Citations and punctuation omitted.) *Dawson v. State,* 203 Ga. App. 146, 147 (2)

(416 SE2d 125) (1992). Here, defendant committed armed robbery when he took the two checks from Mrs. Huang at knifepoint. He later committed motor vehicle theft when, after he tied up Mrs. Huang and left her in the bedroom, he took her keys and drove off in her Honda. See *Holt v. State*, 239 Ga. 606 (238 SE2d 399) (1977); see also *Anson v. State*, 259 Ga. 471 (2) (383 SE2d 893) (1989). "The evidence establishing the commission of the one crime is not the same as the evidence which established commission of the other crime." *Holt*, supra at 607. Since the motor vehicle theft was not a lesser included offense as a matter of fact, the court did not err in sentencing defendant for both offenses.

2. Defendant also contends the trial court erred in ordering restitution as a condition of probation without holding a restitution hearing or considering the factors set forth in OCGA § 17-14-10. The State, citing *Westmoreland v. State*, 192 Ga. App. 173 (2) (384 SE2d 249) (1989), argues that defendant waived this issue by failing to object to it below. Alternatively, the State contends the record is sufficient to show the trial court properly considered the requisite factors in ordering restitution.

Although defendant did not object to the restitution order when given, we do not find defendant waived the right to raise this issue on appeal. This court has previously held that the defendant's silence when the restitution order was given does not render the statutory error harmless or cut off the right to appeal such error. *Baker v. State*, 183 Ga. App. 100 (357 SE2d 896) (1987). Moreover, "unlike the facts in *Westmoreland* . . . , defendant in this case did not induce error by acquiescing with the prosecutor's statement that defendant consented to the amount of the award." *Slater v. State*, 209 Ga. App. 723, 726 (4) (434 SE2d 547) (1993).

"OCGA §§ 17-14-8 through 17-14-10 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof." (Citation and punctuation omitted.) *Bridges v. State*, 208 Ga. App. 555, 556 (1) (431 SE2d 164) (1993). Section 17-14-10 sets forth the factors to be considered by the court in determining the nature and amount of restitution, including the offender's present financial condition and future earning capacity and the amount of damages suffered by the victim. The trial court did not hold a restitution hearing, and the only mention of restitution at the sentencing hearing was the order itself. The court further did not enter specific written findings under OCGA § 17-14-10.

We reject the State's contention that the record is sufficient to show the trial court considered the requisite factors. Contrary to the State's contention otherwise, the trial court's inquiry at the sentencing hearing into defendant's prior employment appears to have been

only to determine how well defendant spoke English. Moreover, the court only made such inquiry after it had already ordered restitution. Although the record does contain a victim impact statement and defendant's application for appointment of counsel and certificate of financial resources, the record does not reveal that the court considered such factors at the sentencing hearing when it ordered restitution. See *Gould v. State*, 190 Ga. App. 611 (381 SE2d 442) (1989). Accordingly, the case is remanded for a hearing and specific written findings pursuant to OCGA § 17-14-10. See *Bridges*, supra at 556 (1).

*Judgment affirmed in part, reversed and remanded with direction in part. Beasley, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur fully in Division 1 of the majority opinion. I concur as well in the majority's conclusions in Division 2 that appellant has not waived the right to raise on appeal the issue of the propriety of the restitution order, and that the case must be remanded for written findings of fact as required by OCGA § 17-14-8 addressing the factors set forth in OCGA § 17-14-10. However, the record does not reveal the precise information available to the trial court in considering restitution, although it does show documents relevant to several of the required factors. It may be that sufficient information was presented to the court to allow consideration of the required factors without the necessity of another hearing. As stated in *Gould v. State*, 190 Ga. App. 611 (381 SE2d 442) (1989) and *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985), the trial judge is the best judge of whether a hearing is necessary upon remand or whether sufficient information exists in the present record to enable the required findings to be made. I would defer to the trial court's judgment on that issue and would not order that a new hearing be held.

DECIDED MARCH 16, 1994.

*Henderson, Weinberg, Cohen & Hart, Daniel L. Henderson*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.