66705. CLOUD v. THE STATE.

CARLEY, Judge.

Appellant was convicted of two counts of shoplifting. He appeals the judgments of conviction.

1. Appellant first enumerates as error the general grounds. The evidence showed that appellant and a woman were at a shopping mall at which special temporary booths had been erected for an antiques show. Appellant and the woman stopped at one of the booths. While the vendor, Mr. Dunn, was talking with some other customers, appellant reached into an unlocked display case and removed a certain unique antique straight razor. Another vendor observed appellant's actions and alerted Mr. Dunn. A third vendor, Mr. Longan, notified mall security personnel while Mr. Dunn followed appellant. Mr. Longan then assumed the task of following appellant. Outside of the mall Mr. Longan observed appellant sit down on a bench and retrieve a gold chain necklace from the sleeve of a jacket he was carrying. Appellant removed and discarded the chain's price tag, then slipped the necklace over the head of his woman companion. The woman concealed it inside her turtleneck sweater.

After sitting on the bench for a few minutes, appellant and the woman attempted to reenter the mall. At that time, appellant was apprehended by mall security personnel, and the stolen straight razor was found in his pocket. The necklace, recovered from the woman, was discovered to have been stolen from the display of another mall vendor.

Appellant, testifying in his own behalf at trial, admitted that he had taken the razor from the display case and then had exited the mall. Although the bench where he and the woman had sat was a distance of two city blocks from Mr. Dunn's display, appellant testified that he had intended to return to Mr. Dunn's booth to purchase the razor, or to discuss its price with the vendor. Appellant denied any knowledge of the necklace, stating that he had not given it to the woman and that he did not know how she got it.

The evidence, although conflicting, was sufficient to support appellant's convictions. "It is the function of the jury to determine the credibility of the witnesses, including that of the defendant. The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. [Cit.] Based on the evidence presented at trial, we are satisfied that any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. [Cits.]" *King v. State,* 157 Ga. App. 733, 734 (278 SE2d 491) (1981).

Appellant asserts that, as to the necklace, the evidence that appellant committed the theft was entirely circumstantial. "The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude[d] every reasonable hypothesis except that of guilt, not that it removed every possibility of the innocence of the defendant. [Cits.] Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly instructed. [Cit.] The conflicting evidence in this case was presented to the jury and the jury resolved that conflict adversely to the appellant." *Barfield v. State,* 160 Ga. App. 228, 230 (286 SE2d 516) (1981). "After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could easily have found the defendant guilty beyond a reasonable doubt of the offense of shoplifting. [Cits.]" *Grizzle v. State,* 155 Ga. App. 91, 92 (270 SE2d 311) (1980).

2. Appellant's second enumeration of error is that the trial court failed to exclude from the evidence a statement made by appellant when he was apprehended by a mall security guard. Appellant maintains that the statement should have been excluded because it

was not supplied to him prior to trial in response to his discovery motion filed pursuant to OCGA § 17-7-210 (Code Ann. § 27-1302).

Appellant's statement was admitted into evidence through the testimony of Mr. Longan. Mr. Longan was present when appellant was approached by the security guard, and he heard the guard ask whether appellant had a razor with him. According to Mr. Longan, appellant replied that he did have a razor, and that he had brought the razor with him to the mall. No objection was made to this testimony. Mr. Longan was cross-examined, and he was subsequently excused as a witness with the consent of appellant's counsel.

The following day, counsel for appellant moved that the testimony as to appellant's statement be stricken, and that appropriate curative instructions be given. Appellant's counsel stated that, prior to Mr. Longan's testimony at trial, he was unaware that such a statement had been made, and that the state had not supplied him with a copy of the statement as required by OCGA § 17-7-210 (Code Ann. § 27-1302). The trial court denied the motion.

Even assuming without deciding, for purposes of the instant appeal, that the provisions of OCGA § 17-7-210 (Code Ann. § 27-1302) apply to a statement made while a person is in the custody of private security personnel, we find that appellant waived this ground of appeal by his failure to make a timely objection to Mr. Longan's testimony.

The procedural posture of the instant matter is quite similar to that which we addressed in *Henderson v. State,* 162 Ga. App. 320 (292 SE2d 77) (1982). In that case, the defendant sought to exclude certain witnesses' testimony on the basis of the state's failure to comply with the requirements of OCGA § 17-7-210 (Code Ann. § 27-1302). However, the motion was not made until after the witnesses' entire testimony, including cross-examination, had been completed. We held there, and we hold here, that such objection was untimely. "[W]hen this evidence was offered by the state, [appellant] made no objection to its admission. 'By this action (he) waived any objection which might have been urged . . . It is well settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection.' [Cits.]" *Henderson,* supra at 323.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 28, 1983.

*Lawrence Lee Washburn III,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Michael*

*Whaley, Margaret V. Lines, Assistant District Attorneys,* for appellee.