## 68066. STROZIER v. THE STATE.

POPE, Judge.

After a trial by a jury, appellant was convicted of the offenses of kidnapping and aggravated assault with intent to rape. He was sentenced to twenty years for kidnapping and ten years for aggravated assault with intent to rape, such sentences to run consecutively.

1. Counsel for appellant on appeal raises one enumeration of error which asserts that the trial court erred in failing to advise appellant of his right to counsel and the dangers of proceeding without counsel. Appellant was indicted in January 1983 and tried in May 1983. Within this five-month period, the following transpired: A public defender was initially appointed to represent appellant. Apparently appellant discharged his appointed attorney and retained private counsel who represented him at the time he made and withdrew a plea of guilty. Thereafter, he fired that attorney and another public defender was appointed. Rejecting the second of his appointed coun-

sel, two weeks prior to trial appellant hired yet a fourth attorney who was present with him at trial. Before the jury was selected, the trial court was advised by appellant's attorney that appellant requested the court to allow him to represent himself. The trial court responded by recognizing appellant's constitutional right to defend himself but refused to excuse trial counsel, instructing him to aid and assist appellant during the trial. Further, appellant was admonished that the court intended to abide by the technical rules of trial procedure, the ignorance of which would not excuse appellant.

"In *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981), the Supreme Court held that the record must show that the defendant has validly chosen to proceed pro se and should show that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel." *Dickerson v. State*, 161 Ga. App. 178, 179 (288 SE2d 131) (1982). Here, the record reflects that appellant affirmatively informed the court that he chose to represent himself. Appellant's awareness of his right to counsel is unquestionable since he had been provided with two appointed attorneys and had chosen to discharge both. The transcript further reveals appellant's familiarity with the trial process through the testimony of a former assistant district attorney who had prosecuted appellant on a prior charge. He testified that appellant had represented himself at trial and, although convicted, had pursued his appeal which resulted in a reversal of his sentence.

The apparent basis of this enumeration is appellant's assertion that the trial court failed to fully apprise him of his rights under *Clarke v. Zant*, supra, in order to determine the validity of his waiver of counsel. While appellant is correct that the trial court did not set out step-by-step the precise dangers of proceeding pro se, we find his argument unpersuasive and ironic in the context of these facts. Appellant, who seeks reversal on this ground, actually read to the trial court during the proceedings a passage substantially embodying the standard of *Clarke v. Zant* now complained of by him as being omitted. Aside from this, we find these facts analogous to those in *Clarke v. Zant*, in which the Supreme Court found a valid waiver of counsel, since in both cases the defendants were provided attorneys to act in advisory roles. We note also that the trial court took extreme care to aid appellant during the course of the trial.

"We find a knowing, intelligent waiver of counsel. [Cits.] Intelligent waiver and foolishness are not mutually exclusive. The appellant's constitutional right to adequate counsel was satisfied in this case but he threw it away. . . . We do not question that a defendant has the right to counsel [cit.], but he had it in this case and voluntarily gave it up. His right to counsel is not superior to the state's right to try him for the criminal offense[s] and does not include the right to

manipulate, whether consciously or capriciously, the state's attempt in good course to prosecute him for the offense[s]." *Mock v. State,* 163 Ga. App. 320, 321-2 (293 SE2d 525) (1982). Under the circumstances of this case, we find no reversible error. See *Clarke v. Zant,* supra; *Hose v. State,* 161 Ga. App. 401 (288 SE2d 675) (1982).

2. In addition to the appeal filed on his behalf by the appointed counsel requested by appellant, again proceeding pro se, appellant raises other issues to which he assigns error. Appellant contends that his attorney at trial provided him ineffective assistance. This has been decided adversely to appellant in *Mullins v. Lavoie,* 249 Ga. 411 (290 SE2d 472) (1982), in which the Supreme Court held that "when a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel." Id. at 412-3.

3. Appellant complains of allegedly improper and prejudicial remarks made by the prosecutor during closing arguments. " 'A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury.' *McCoy v. Scarborough,* 73 Ga. App. 519 (6) (37 SE2d 221) [(1946)]." *Campbell v. State,* 111 Ga. App. 219, 220 (141 SE2d 186) (1965). Accord *Holt v. State,* 147 Ga. App. 186 (5) (248 SE2d 223) (1978).

4. Appellant challenges the imposition of consecutive sentences claiming that the charges arose from the same transaction. We disagree.

"[OCGA § 16-1-7 (a) (1)] allows multiple prosecutions for the same conduct unless one crime is included in the other. [Cit.] [OCGA § 16-1-6 (1)] defines an included crime as one which is 'established by proof of the same or less than all the facts or a less culpable mental state than is required to establish' the other crime charged. [Cit.] Under these two sections a crime is an included crime, barring multiple punishment, if it is the same as a matter of law or a matter of fact. [Cits.]" *Chambley v. State,* 163 Ga. App. 502, 504 (295 SE2d 166) (1982).

In this case, the offenses charged were kidnapping and aggravated assault with intent to rape. One is not included in the other as a matter of law. See *Jarrell v. State,* 234 Ga. 410 (1) (216 SE2d 258) (1975). "For a kidnapping conviction, the state must prove an unlawful asportation of a person against his will. [OCGA § 16-5-40]." *Chambley v. State,* supra. For a conviction on a charge of aggravated assault with intent to rape, the state must show that appellant as-

saulted the victim with the intent to rape her. See OCGA § 16-5-21 (a) (1).

The fifteen-year-old victim testified that on August 10, 1982 at approximately 9:00 a.m., she was awakened and pulled from her bed by appellant who told her to come with him so that he could "show her something." When she tried to scream, he placed her in a chokehold. He then took her out of the back of the apartment and into a wooded area at the rear of the complex. After removing her panties and taking down his pants, appellant touched her vagina with his penis. The victim further testified that appellant did not penetrate her because a noise startled him, causing him to run away. " 'The two crimes charged here were completed one after the other, but are separate and distinct.' *Pryor v. State*, 238 Ga. 698, 701 (234 SE2d 918) (1977). 'Although occurring sequentially, one after the other, each of these transactions constituted a separate offense since each was established by proof of different facts; i.e., each offense was a completed crime when the next was perpetrated upon the victim. (Cits.)' *Jones v. State*, 161 Ga. App. 620, 622 (1) (b) (c) (288 SE2d 795) (1982). 'Under the circumstances of this case, the same conduct is not being punished twice nor is one act included in the other so as to proscribe the separate conviction and punishment for each act. (Cit.)' *Kitchens v. State*, 159 Ga. App. 94, 96 (4) (282 SE2d 730) (1981). This enumeration of error is without merit." *Talley v. State*, 164 Ga. App. 150, 153 (296 SE2d 173) (1982).

5. Appellant enumerates as error the trial court's failure to charge the jury on simple battery, asserted by appellant to be a lesser included offense. Appellant made no written request. Assuming arguendo that under the facts of this case simple battery would be a lesser included offense, no reversible error is shown. " 'The failure to instruct on a lesser included crime is not error, regardless of whether the evidence would have authorized or demanded such a charge, in the absence of a written request.' *Walston v. State*, 245 Ga. 572, 573 (3) (266 SE2d 185) (1980)." *Wright v. State*, 167 Ga. App. 445, 447 (306 SE2d 428) (1983). Accord *Daniel v. State*, 248 Ga. 271 (1) (282 SE2d 314) (1981); *Lovett v. State*, 165 Ga. App. 379 (1) (301 SE2d 303) (1983). This ground is not meritorious.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 18, 1984 —
REHEARING DENIED JULY 20, 1984 —

*Kenneth D. Feldman*, for appellant.
Eddie James Strozier, *pro se*.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Michael*

*Whaley, Margaret V. Lines, Assistant District Attorneys*, for appellee.