## 71474. LUDY v. THE STATE.
(341 SE2d 224)

McMURRAY, Presiding Judge.

Defendant was convicted of two counts of burglary and two counts of robbery and now appeals. *Held*:

1. Following his arrest, defendant was interrogated by the chief investigator of the Chattooga County Sheriff's Department. He told the investigator inter alia that he did not know the victims of the crimes. At trial, one of the victims testified that defendant worked for her the previous summer. Thereafter, the investigator took the stand and, following a *Jackson-Denno* (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing, testified about the custodial statements made by defendant. He averred that during the interrogation of defendant, defendant denied knowing the victims, including the victim he had worked for. Defendant objected to the investigator's testimony on the ground that the prosecution did not inform the defense of this custodial statement.

Via a summary of defendant's oral statement to police, the prosecution had informed the defense about several other custodial statements made by defendant. The summary was prepared and given to the defense in response to a "motion for discovery" which had been filed by defendant's counsel. The motion sought the production of "[a]ll statements . . . of any interrogations of this Defendant during which any alleged statement and/or admissions against interest were made by him."

During argument upon defendant's objection to the investigator's testimony, the district attorney acknowledged that the summary did not specify that defendant denied knowing the victims. He stated

that that particular statement was not provided because the prosecution was not aware of it. Thereupon, the trial court overruled defendant's objection and the investigator's testimony was deemed admissible.

OCGA § 17-7-210 provides that a defendant's custodial statements are to be given to a defendant when a timely request is made. If the prosecution fails to deliver a statement made to investigating police officers prior to trial, the statement must be excluded or suppressed even though the prosecution was not fully aware of the statement. *Talley v. State*, 251 Ga. 42 (302 SE2d 355). It follows that the trial court erred in admitting the testimony of the investigating officer into evidence. "Since we are unable to say with reasonable certainty that no harm resulted from the state's failure to obey the statutory requirements of [OCGA § 17-7-210] we must reverse." *Reed v. State*, 163 Ga. App. 364 (2), 365 (295 SE2d 108).

The State contends the defendant's statement should not be excluded because the "motion for discovery" filed by defense counsel was not sufficient to invoke the provisions of OCGA § 17-7-210. "To constitute a request for discovery under [§ 17-7-210], a pleading must either make specific reference to [§ 17-7-210], or make it clear that written copies of the defendant's own statements are to be furnished to the defense at least ten days prior to trial." *McCarty v. State*, 249 Ga. 618, 620 (292 SE2d 700). As the State points out, defendant's "motion for discovery" did not make reference to OCGA § 17-7-210 and it did not make it clear that the statements sought by defendant were to be furnished at least ten days prior to trial. Nevertheless, we conclude that under the particular facts and circumstances the exclusion of defendant's statement was mandated in this original trial.

First, we take note of the fact that defendant's counsel was appointed to represent defendant on February 15, 1985. Defendant's "motion for discovery" was filed on February 19, 1985, and he was tried on February 28, 1985. Thus, a demand for the production of defendant's custodial statements at least ten days before trial would have been futile. See in this connection *Pealor v. State*, 165 Ga. App. 387 (1) (299 SE2d 904). Second, and more importantly, we observe that unlike *McCarty v. State*, 249 Ga. 618, supra, the prosecution in the case sub judice did not refuse the production of defendant's statements. Rather, the State furnished defense counsel with an incomplete summary of defendant's statements in response to the "motion for discovery." The State did not take the position in the trial court that defendant's motion was deficient in any way. As we pointed out above, the State simply argued that the statement should not be excluded because the district attorney was unaware of it. Having treated the motion in the trial court as an OCGA § 17-7-210 request, the State was obligated to deliver a complete summary of defendant's

statements under the particular facts and circumstances of the case sub judice. The State cannot now be heard to complain that the motion was deficient. However, the highly probable harm in the original trial would be eliminated if the State were to timely comply with the statute prior to any re-trial of the case sub judice.

2. The investigating officer testified that when defendant was asked why he committed the crimes, he jumped up, displayed a syringe and said he had a $100 a day drug habit. (We note that this custodial statement was furnished to defense counsel.) Defendant's contention that this evidence impermissibly placed his character in issue is adversely controlled by *Archie v. State*, 137 Ga. App. 386 (1) (224 SE2d 64).

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur. Benham, J., disqualified.*

DECIDED JANUARY 7, 1986 —
REHEARING DENIED FEBRUARY 11, 1986 —

*W. Terry Haygood, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, David L. Whitman, Assistant District Attorney,* for appellee.