## A89A0694. JOHNSON v. THE STATE.
### (383 SE2d 346)

PARSE, Judge.

Pope, Judge.

Defendant Mark Johnson appeals his conviction of theft by taking in regard to a 1988 Dodge Dynasty automobile. We affirm.

1. During a *Jackson-Denno* hearing outside the presence of the jury the trial court granted defendant's motion in limine and instructed the prosecutor and the prosecuting witness (the arresting officer) that testimony could not be presented concerning any statements made by the defendant to the arresting officer which were not disclosed to the defendant prior to trial in response to defendant's demand for disclosure of custodial statements brought pursuant to OCGA § 17-7-210. At that point in the trial, the arresting officer had already testified without objection that defendant had given him a false driver's license and had admitted to the officer that the license belonged to someone else. This statement by the defendant had not been previously disclosed to the defendant. After the motion in limine was granted, the officer testified that, in response to his request for information by which he could be identified, defendant provided him with several telephone numbers and the address where defendant's girl friend lived. The defendant objected to this testimony because it concerned custodial statements by the defendant which also were not disclosed prior to trial and thus violated the court's order in limine. The trial court denied defendant's motion for mistrial and instead specifically instructed the jury to disregard the officer's testimony that defendant gave him a driver's license number, gave him certain telephone numbers and told the officer where his girl friend lived. Defendant argues the court erred in denying his motion for mistrial because the improper testimony was so prejudicial that no instruction could eradicate its effects from the minds of the jurors.

As to the testimony that defendant had given the officer a false driver's license, defendant's objection was untimely. Where an objection pursuant to OCGA § 17-7-210 is not made at the time the testimony was offered, the objection is waived. *Cloud v. State*, 169 Ga. App. 51 (2) (311 SE2d 491) (1983); *Henderson v. State*, 162 Ga. App. 320 (3) (292 SE2d 77) (1982). The testimony concerning telephone numbers given to the officer and the address of defendant's girl friend are not, per se, inculpatory. If this testimony is inculpatory at all it is only because the officer testified he made at least twenty-five telephone calls in an attempt to determine defendant's identity but was unsuccessful. However, evidence that defendant had provided conflicting information concerning his identity had already been presented to the jury by the officer's earlier testimony that defendant had given him three different Social Security numbers. Because the testimony in question was not inculpatory, and because it was cumu-

lative of other evidence already before the jury, the court did not err in denying defendant's motion for mistrial. See *Ledesma v. State*, 251 Ga. 487 (5) (306 SE2d 629) (1983); *Hilburn v. State*, 166 Ga. App. 357 (3) (304 SE2d 480) (1983).

2. The court did not err in denying defendant's motion for mistrial on the ground that testimony of a prosecution witness impermissibly placed his character in evidence. The manager of the automobile rental agency which owned the car and reported it to be stolen testified that he had seen defendant once before on the premises of the rental agency and that he had gone to "the prison" to identify defendant. Subsequent testimony made it abundantly clear to the jury that the witness was asked to identify the defendant on the day of his arrest when the witness went to the "jail" to retrieve the car. Evidence that an accused was confined in jail for the offense at issue in a criminal trial does not place defendant's character in evidence. See *Fields v. State*, 176 Ga. App. 122 (355 SE2d 466) (1985); *Dollar v. State*, 149 Ga. App. 97 (3) (253 SE2d 461) (1979). We find no harm in the fact that the witness first erroneously referred to the jail as a prison. It was obvious from the testimony as a whole that the witness was referring to the defendant's pre-trial detention at the jail and not to an unrelated incarceration at a post-conviction prison.

3. The evidence showed that defendant was found in possession of the stolen vehicle more than thirty days after the owner first noticed it was missing. The court did not err in charging the jury that guilt may be inferred by recent unexplained possession of stolen property. " 'What would be a recent possession is in all cases a question for the jury, to be determined very largely from the character and nature of the property stolen.' *Cuthbert v. State*, 3 Ga. 600, 604 (60 SE 322) (1907)." *Brown v. State*, 157 Ga. App. 473, 474 (278 SE2d 31) (1981). Accord *Collins v. State*, 176 Ga. App. 634 (1) (337 SE2d 415) (1985).

4. We have reviewed the evidence in the light most favorable to the verdict and find that the evidence is sufficient to enable any rational trier of fact to find the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Collins v. State*, supra.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 7, 1989.

*John C. Campbell*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant*

*District Attorney*, for appellee.