A91A2057. DAWSON v. THE STATE.
(416 SE2d 125)

SOGNIER, Chief Judge.

Carlos Dawson was convicted of rape and kidnapping by a Tift County jury. He appeals from the judgment and sentence entered thereon.

1. Appellant first contends the trial court erred by denying his motion for mistrial and admitting into evidence a custodial statement not furnished to him as required by OCGA § 17-7-210. The State did provide appellant with a written summary of his oral statement given to police after his arrest. At trial, Bobby Brannon, the officer who questioned appellant, testified that appellant also had told him he did not know the victim. This particular statement was not included in the written summary the State furnished to appellant.

OCGA § 17-7-210 (d) provides that when a defendant gives an oral statement to police, "no relevant and material (incriminating or inculpatory) portion of the statement . . . may be used against the defendant unless it has been previously furnished to the defendant [pursuant to a timely written request]." Appellant maintains the statement at issue was relevant and incriminating because at trial his defense was that the victim consented to the sexual encounter and had had sex with him on a prior occasion. The case he cites, *Ludy v. State*, 177 Ga. App. 767 (1) (341 SE2d 224) (1986), in which this court reversed a conviction because a statement not included in the summary prepared by the State was admitted into evidence, provides some support for his argument. In *Ludy*, the defendant's undisclosed statement — his declaration to police that he did not know the victims — contradicted one victim's trial testimony that the defendant had worked for her. However, the Supreme Court held in *Ledesma v.*

*State*, 251 Ga. 487, 489 (5) (306 SE2d 629) (1983) that reversal is not required when the State fails to disclose a defendant's statement which on its face is not directly incriminating or inculpatory but becomes so only as a result of a defense theory developed at trial. In other words, if the statement is not per se inculpatory or incriminating, the failure of the State to divulge the statement to defendant prior to trial does not constitute reversible error. See id.; see also *Johnson v. State*, 191 Ga. App. 845-846 (1) (383 SE2d 346) (1989).

Our ruling in this case is controlled by the rationale applied by the Supreme Court in *Ledesma*. The statement at issue did not appear inculpatory on its face and became so only because appellant asserted a defense of consent at trial. This case is distinguishable from *Ludy* because in that case the withheld statement contradicted the testimony of one of the State's witnesses, thus giving rise to a presumption that the State knew or should have known the statement was incriminating at the time it prepared the summary. Here, however, during his interrogation by police appellant denied being present in the vicinity of the crime or knowing the victim, but testified differently at trial. Consequently, the State could not have anticipated the possibly incriminating effect of the statement at issue at the time it furnished the summary. Accordingly, we find no reversible error.

2. Appellant contends in his remaining enumeration that the trial court erred by sentencing him for both offenses because the kidnapping charge merged into the rape as a matter of fact. The victim testified that as she was jogging along a path near a school, appellant jumped out in front of her and forced her into a pecan grove, telling her he would kill her if she did not cooperate. He then removed her clothing, attempted to sodomize her, and raped her.

" 'In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime within the meaning of OCGA § 16-1-6, we look to the actual evidence introduced at trial. If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under OCGA § 16-1-6.' . . . [Cit.]" *Turner v. State*, 194 Ga. App. 878, 880 (3) (392 SE2d 256) (1990). Here, although the two charged crimes occurred sequentially, they constituted separate offenses because each was established by proof of different facts. See *Strozier v. State*, 171 Ga. App. 703, 706 (4) (320 SE2d 764) (1984). The offense of kidnapping was complete when appellant forced the victim into the pecan grove and held her against her will. See OCGA § 16-5-40 (a); see also *Strozier*, supra at 705 (4). That act was complete before he forced her to have intercourse against her will. See OCGA § 16-6-1 (a). Since neither crime was included in the other as a matter of fact,

the court did not err by sentencing appellant for both offenses. *Turner, supra; Strozier,* supra at 706 (4).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 18, 1992 —
RECONSIDERATION DENIED MARCH 3, 1992 —

*Timothy L. Eidson, L. Clark Landrum,* for appellant.
*David E. Perry, District Attorney,* for appellee.