## A93A1507. WEBB v. THE STATE.
### (435 SE2d 251)

BIRDSONG, Presiding Judge.

James Webb appeals the order of the superior court denying his "amended" motion for new trial.

Appellant was lawfully detained awaiting a bindover hearing at municipal court; upon returning from his hearing, he began to abuse verbally a female corrections officer. As a result, appellant was handcuffed to a bench inside an inner cell or "cage" within the greater holding area. He then repeatedly asked the corrections officer to allow him to use the bathroom. The corrections officer released appellant's handcuffs. As she attempted to back out of the inner cell, appellant grabbed her by the collar. Appellant threw her into the wall; he kicked her as he pulled her back on the bench in the inner cell; she was "trying to run through the whole thing and he would pull [her] back." Each time she tried to run "he would pull [her] back and start banging [her] head into the wall or kicking [her] on the floor." The detention and attack in the inner cell lasted about 35 minutes; the corrections officer finally lost consciousness. When she regained consciousness, she could not get out of the inner cell until another prisoner opened the door from the outside. The corrections officer ran out of the cell screaming and saw appellant fumbling with the big key ring and attempting to find the key to open the exit door from the holding area. Appellant came back toward the officer to hit her. The officer again grabbed appellant by the shirt; appellant turned and threw or drop-kicked the officer to the floor. The officer testified appellant then slammed her head against the floor repeatedly; "he . . . bumped my head and bumped my head like forever," until she again passed out. Appellant was "on the floor" with the officer when he was knocking her head against the floor. After the officer lost conscious-

ness, appellant escaped the holding area. He was arrested at the local MARTA station. The corrections officer suffered permanent brain cell damage, which will impair certain basic memory, sense of location, attention and concentration skills.

Appellant was charged with kidnapping, false imprisonment, aggravated assault, and felony obstruction, respectively. He was found not guilty of Count 2, false imprisonment, and of Count 4, felony obstruction; he was found not guilty of kidnapping in Count 1, but guilty of the lesser included offense of false imprisonment; he also was found guilty of Count 3, aggravated assault. His sole enumeration of error is that the evidence is insufficient, as a matter of law, to support his conviction of false imprisonment, as the false imprisonment offense of which he was convicted merged with the aggravated assault. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). The evidence in support of appellant's conviction for the lesser included offense of Count 1, false imprisonment, and for the separate offense of Count 3, aggravated assault, was legally sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court adequately charged the jury (both as to the independent charge of false imprisonment in Count 2 and as to the lesser included offense of false imprisonment in Count 1) regarding the statutory elements of false imprisonment as promulgated in OCGA § 16-5-41 (a); the jury was also charged as to the offense of aggravated assault.

As to the offense of false imprisonment, for example, the jury could rationally conclude beyond a reasonable doubt from the admissible evidence before it that appellant committed an aggravated assault upon the officer after he first grabbed her by the collar and before he left her unconscious in a locked inner cell. The jury could rationally infer beyond a reasonable doubt from the evidence that the officer was unable to immediately regain consciousness, and was able to leave the inner cell only after a distinct hiatus in time had occurred. The jury also could rationally conclude beyond a reasonable doubt from the admissible evidence that appellant unlawfully detained the officer after she subsequently regained consciousness and was able to exit the inner cell screaming; and, that this separate, albeit shorter, detention period occurred when he threw her to the floor and then, being on the floor with her under his physical control, repeatedly banged her head against the floor until she again lost con-

sciousness. *Bryant v. State*, 196 Ga. App. 132 (1) (395 SE2d 385). This second criminal episode did not commence until after the officer was able to exit the inner cell. Under these circumstances, it cannot be said that the State used up the evidence establishing false imprisonment in proving the aggravated assault charge. Each offense was established by proof of separate and distinct facts. Compare *Butler v. State*, 194 Ga. App. 895, 898 (3) (392 SE2d 324) and *Gilbert v. State*, 176 Ga. App. 561, 562 (2) (336 SE2d 828). The two crimes of which appellant was convicted, although occurring sequentially, constituted separate offenses since each was established by proof of different facts, i.e., each offense was a completed crime when the next was perpetrated on the victim. Compare *Dawson v. State*, 203 Ga. App. 146, 147 (2) (416 SE2d 125) and *Strozier v. State*, 171 Ga. App. 703 (4) (320 SE2d 764). Appellant's enumeration of error is without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 5, 1993.

*J. Russell Mayer*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Rebecca A. Keel, William F. Riley, Jr., Assistant District Attorneys*, for appellee.