A94A2734. MAHER v. THE STATE.
(455 SE2d 377)

RUFFIN, Judge.

Edward James "Trey" Maher was convicted by a jury of two counts of child molestation, two counts of aggravated child molestation and one count of statutory rape. The offenses occurred over a span of three years while Maher lived with the five and eleven-year-old victims and their mother. Maher appeals from the denial of his motion for new trial.

Viewed in a light most favorable to the verdict, the evidence at trial showed that Maher regularly included the two victims in what the five-year-old victim described as the "rape game." During the "rape game," the two victims, their mother, Maher and other men would sit in a circle and perform various acts of anal and vaginal intercourse on one another. The two victims would either be forced to participate in these acts or forced to be present while the others performed the acts.

The evidence showed that Maher tied the five-year-old to a chair in the center of the circle, put his penis in her mouth and put his hands on her breast and vagina. With regard to the eleven-year-old victim, the evidence showed that Maher had sexual intercourse with her repeatedly and placed his penis in her mouth.

Dean Stodghill, a social services supervisor for the Ben Hill County Department of Family & Children Services, testified on behalf of the State. Twice during her testimony, Stodghill stated that the older victim had been sent to Kentucky to be the "girl friend" of David Thompson, an individual who regularly participated in the "rape game." While Maher did not object to the first reference to the events that took place in Kentucky, after the second such reference, Maher objected on the ground that what happened in Kentucky was irrelevant. After hearing the State's explanation that the evidence was part of "the continuing horrendous experience that [Maher] participated in," the court found the testimony relevant and overruled the objection. Later in the trial while cross-examining the victims' mother, Maher's attorney elicited even more extensive testimony concerning the victim's living with Thompson in Kentucky.

1. Maher contends the trial court erred in allowing the testimony concerning Thompson because it lacked any relevance or probative value and operated only to substantially prejudice the jury. "Assuming arguendo the trial court [improperly admitted the testimony], the error would have been harmless." *Scott v. State,* 206 Ga. App. 23, 26

(1c) (424 SE2d 328) (1992). By the time Maher interposed any objection, the jury had already heard similar testimony from Stodghill which was admitted without challenge. See id. " 'All evidence is admitted as a matter of course unless a valid ground of objection is (timely) interposed.' . . . [Cit.]" Id. Moreover, Maher's own attorney elicited much more extensive testimony than the State concerning this matter. "At most, the [testimony objected to] would be only cumulative of the [other] testimony of these two witnesses concerning [Thompson]. Evidence is harmless where admissible evidence of the same fact is before the jury. [Cits.]" Id. Accordingly, "any error in overruling defendant's objection would have been harmless. [Cit.]" *Gibby v. State*, 213 Ga. App. 20, 22 (2b) (443 SE2d 852) (1994).

2. Maher also contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the verdict, we find that there was sufficient evidence for the jury to find Maher guilty beyond a reasonable doubt of the offenses charged. *Stewart v. State*, 210 Ga. App. 474 (9) (436 SE2d 679) (1993); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 15, 1995.

*Tammy L. Ives-Abell*, for appellant.

*John C. Pridgen, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellee.