## A97A0765. CREWS v. THE STATE.
(486 SE2d 61)

BLACKBURN, Judge.
Russell Eugene Crews appeals his conviction of possession of cocaine. He alleges that he received ineffective assistance of counsel, that the State failed to provide him with notice of his custodial state-

---

ment, and that the State impermissibly placed his character in evidence. He also contends that the trial court erred in failing to charge the jury on his sole defense, in improperly commenting on the evidence, and in expanding the scope of the indictment in the charge to the jury. Crews further claims the prosecutor made two improper comments during closing argument and asserts he was not represented by counsel at all critical stages of his trial. For the reasons set forth below, we affirm.

1. Crews alleges he received ineffective assistance of arraignment counsel, because his attorney failed to file a motion to suppress a crack pipe found in a search of Crews' truck.[1]

The facts show that Crews and another individual, Billy Stoe, had a fight at the home of Crews' girl friend after Crews discovered Stoe in bed with the girl friend. The police were called, and upon investigation, Crews was arrested and charged in connection with the fight. Cocaine was discovered during the pat-down search incident to his arrest. The police had also been advised by radio dispatch that a weapon was involved in the fight. When no weapon was discovered on Crews' person, police asked for and received Crews' consent to search his truck, which was parked on the premises. The crack pipe Crews contends should have been suppressed was discovered during this search.

"To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel." (Citation and punctuation omitted.) *Stanley v. State*, 222 Ga. App. 750 (476 SE2d 58) (1996).

The record shows that Crews' counsel did not render ineffective assistance. At trial, the court acknowledged that the testimony supported a consent search, and the uncontradicted evidence shows that Crews consented to the search. He therefore could not have prevailed on a motion to suppress. See *State v. Gilman*, 218 Ga. App. 895, 898 (463 SE2d 720) (1995) (error to grant motion to suppress where, inter alia, it is uncontradicted that defendant consented to search). In light of this evidence, a motion to suppress would have been meritless, and Crews' arraignment counsel was therefore not ineffective for failing to file such motion.

2. Crews contends his conviction must be reversed due to the State's failure to provide him with notice of his custodial statement.

---

[1] After arraignment, Crews employed new counsel to represent him at trial.

The statement consists of his admission to police, given in conjunction with his consent to search, that he owned the truck. Crews claims he was harmed by the State's failure to provide him with this statement of ownership because his defense at trial was that the cocaine belonged to someone else, and evidence of his possession of the truck linked him with the crack pipe discovered in the truck.

The transcript shows that the custodial statement was admitted into evidence when one of the arresting officers testified, "[We] confirmed with Mr. Crews that that was his truck. . . . I said, do you mind if I search the truck. He said, no, sir, I do not." The State claimed it was unaware that Crews had told the officers he owned the truck, and Crews moved for a mistrial. Expressing doubt that the statement was incriminating or inculpatory, the trial court overruled the motion.

"[R]eversal is not required when the State fails to disclose a defendant's statement which on its face is not directly incriminating or inculpatory but becomes so only as a result of a defense theory developed at trial. In other words, if the statement is not per se inculpatory or incriminating, the failure of the State to divulge the statement to defendant prior to trial does not constitute reversible error." *Dawson v. State*, 203 Ga. App. 146, 147 (1) (416 SE2d 125) (1992) (officer's testimony that defendant stated he did not know rape victim, where defense at trial was consent, was not inculpatory on its face, making State's failure to disclose statement to defendant not reversible error).

Crews' statement that he owned the truck was not per se inculpatory or incriminating and was relevant to his consent to search. Under *Dawson*, the fact that Crews owned the truck, while perhaps inconsistent with his defense theory that the cocaine belonged to someone else, does not require reversal. Moreover, both Crews and his counsel knew he owned the truck, that he had consented to its search, and that this evidence would be presented at trial. He therefore suffered no surprise. Accordingly, under *Dawson*, supra, there was no reversible error in the State's failure to disclose Crews' statement, and this enumeration is without merit.

3. Claiming that the State improperly placed his character in evidence, Crews contends his conviction must be reversed. Crews argues that evidence adduced during the State's cross-examination of the victim of the fight, Billy Stoe, was harmful.[2] The State impeached Stoe's trial testimony with a statement he had given to police, in which he claimed that Crews had a gun and threatened to shoot him.

---

[2] Because Stoe testified the cocaine belonged to another individual, he was called as a witness for the defense.

He also testified that Crews threatened to kill him and came after him with a knife. According to Stoe, "all hell broke loose" during the fight, and Crews bit Stoe's ear so severely an ambulance was called. Crews contends that because all of these events took place prior to the arrival of the police and the discovery of the cocaine, details of the fight impermissibly placed his character in evidence.

We cannot agree. During the State's case, Crews had admitted into evidence a tape recording of his preliminary hearing. The tape was played in its entirety without objection. On the tape, one of the arresting officers gave a fully detailed description of the fight, including most, if not all, of the evidence Crews now contests. "At most, the testimony objected to would be only cumulative of the other testimony. . . . Evidence is harmless where admissible evidence of the same fact is before the jury." (Citation and punctuation omitted.) *Maher v. State*, 216 Ga. App. 666, 667 (1) (455 SE2d 377) (1995).

Additionally, "[s]urrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense. The fact that such part of the res gestae incidentally placed [Crews'] character in issue does not render it inadmissible. A trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous." (Citation and punctuation omitted.) *Roberts v. State*, 221 Ga. App. 196, 197-198 (2) (471 SE2d 27) (1996).

The fight at issue gave rise to Crews' arrest, and the arrest revealed the cocaine. The trial court's finding that Stoe's statements to police regarding the fight were admissible as res gestae testimony was not clearly erroneous.

4. Crews' sole defense at trial was that the cocaine belonged to another individual, Tommy Sheppard. He enumerates as error the trial court's failure to charge his timely written request regarding this sole defense.

The following is the charge which the trial court rejected: "Evidence was presented at trial that Mr. Tommy Sheppard, and not Mr. Russell Crews, was the person who threw to the ground the drugs in question. As such, the drugs in question were shown to be in the possession of Mr. Tommy Sheppard and not Mr. Russell Crews at the time of the incident. If you the jury believe that the drugs belonged to Mr. Tommy Sheppard, then you must in the interest of justice and humanity, find Mr. Russell Crews not guilty."

The trial court did not err in failing to give this charge. "[A] trial

court's charge should contain no such summary of the evidence as might to a jury either seem to be an argument or amount to the expression or intimation of an opinion thereon. Accordingly, a trial court is not required, even after request, to specifically point out particular evidence in behalf of the defendants which the jury should specially consider." (Citations and punctuation omitted.) *Chester v. State*, 267 Ga. 9, 12 (2) (471 SE2d 836) (1996). Because the court charged the jury on the definition of possession, Crews' sole defense did not go uncharged, and this enumeration is without merit.

5. Crews claims the district attorney made improper comments during his closing argument and improperly bolstered the credibility of his witnesses.

(a) During closing argument, the district attorney commented on Crews' failure to call Tommy Sheppard as a witness, the individual who Crews claimed had exclusive possession of the cocaine. Crews claims this comment was reversible error because the district attorney knew Sheppard was an unavailable witness. According to Crews, the district attorney had searched for Sheppard in an attempt to call him as a witness, but was unable to locate him.

Crews' assertions regarding the district attorney's knowledge of Sheppard's whereabouts misstate the record. The district attorney stated that he did not know who Sheppard was, and he had never tried to locate Sheppard. Additionally, Crews' argument that the district attorney's comment was improper is erroneous. "[T]he prosecution in its closing argument [is permitted] to urge the jury to draw reasonable deductions from a defendant's failure to produce purportedly favorable witnesses." (Footnote omitted.) *Sinkfield v. State*, 266 Ga. 726, 728 (5) (470 SE2d 649) (1996). This is so even where, as here, the defendant is unable to locate corroborating witnesses. Id.

(b) During closing argument, the district attorney stated, "What reason does Sergeant Frederick have for coming up here and lying to you? What reason would he have for making this up? . . . Twenty or 25 years of experience these two officers have, and they are going to risk their whole entire careers to come out here and to lie against Mr. Crews?" Crews' objection to this statement was overruled, and he now argues the district attorney's argument improperly bolstered the officers' credibility.

"A prosecutor is permitted to argue inferences from the evidence, even if such inferences are remote, illogical or unreasonable. . . . The probability or improbability of the police officer's testimony, as well as his interest or want of interest and personal credibility, could also properly be considered by the jury. OCGA § 24-4-4." (Citations and punctuation omitted.) *Abernathy v. State*, 192 Ga. App. 355, 356 (385 SE2d 25) (1989) (prosecutor's comment that officer would not testify and risk perjury prosecution unless he were telling the truth

not "so improper as to require a mistrial"). The district attorney's argument was therefore not improper.

Furthermore, Crews did not move for a mistrial and did not request any curative instruction from the court. Nonetheless, in its charge to the jury, the court instructed the jury that the attorneys' closing arguments were not evidence. We find no reversible error.

6. Crews claims the trial court improperly commented on the evidence during the State's closing argument. The record indicates that although Tommy Sheppard was not called as a witness at trial, Sheppard's statements that the cocaine belonged to him were admitted through the testimony of Billy Stoe. In closing argument, the district attorney stated that Sheppard's comments to Stoe were complete hearsay. Crews objected and argued that Sheppard's statements were admissible and were not hearsay. The court responded, "I'm going to overrule the objection. I admitted that under an exception to the hearsay rule, but it's still hearsay." Crews argues this statement was an improper comment on the evidence, as it reflected unfavorably upon Stoe's testimony.

It is well settled that "[r]emarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence" as contemplated by OCGA § 17-8-57. (Citation and punctuation omitted.) *Stubbs v. State*, 220 Ga. App. 106, 109 (4) (469 SE2d 229) (1996). Here, the trial court was clearly assigning a reason for its ruling. Additionally, in its charge to the jury, the court instructed that by none of its rulings or comments had it intended to express any opinion as to the facts, the credibility of the witnesses, the evidence, or the defendant's guilt. Crews' contention is accordingly without merit.

7. The trial court charged the jury on possession, including actual, constructive, sole, and joint possession. Crews argues that by charging sole and joint possession, the court impermissibly expanded the indictment.

The indictment in this case charged Crews with possession of cocaine, without specifying in what manner Crews possessed the cocaine. At trial, evidence was introduced that Crews and Tommy Sheppard had purchased the cocaine sometime before the fight, that the cocaine had fallen from Crews' shorts upon being searched at the time of arrest, and that the cocaine was dropped by Tommy Sheppard, who claimed to own it.

"If two or more persons shared actual or constructive possession of a thing, possession is joint. Possession can be proven by circumstantial as well as direct evidence. All of the competent evidence adduced at trial, which was admissible against appellant, may be considered to show his . . . joint possession." (Citations and punctuation omitted.) *Smith v. State*, 210 Ga. App. 451, 453 (4) (a) (436 SE2d

562) (1993). The evidence that Crews and Sheppard purchased the cocaine together supports the charge on joint possession, and as the indictment did not specify what type of possession Crews had, the court's charge on joint possession did not impermissibly expand the indictment.[3]

8. Because the trial court refused to permit Crews' trial counsel to add his name to the indictment before sending it out with the jury, Crews contends he was prevented from being represented by counsel at all critical stages of his trial. The indictment contained only the name of Crews' arraignment counsel.

The indictment itself is neither evidence nor implication of guilt, regardless of the presence or absence of counsel's signature. Furthermore, the jury was instructed that the indictment was not evidence. The record indicates that Crews was represented by counsel at all critical stages of his trial, including jury deliberation and the pronouncement of the verdict. This argument is therefore without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 16, 1997 —
RECONSIDERATION DENIED APRIL 23, 1997.
Before Judge Simmons.
*Wolfe & Steel, Brian Steel*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

---

[3] Crews failed to separately enumerate his contention that the court's recharge on possession, given in response to the jury's request, impermissibly expanded the indictment. We therefore need not consider this argument, see *White v. State*, 221 Ga. App. 860, 861 (473 SE2d 539) (1996), but for the reasons cited above, we find it to be without merit.