A08A1340. ALFORD v. THE STATE.
(664 SE2d 870)

BLACKBURN, Presiding Judge.

Following a jury trial, Dave Alford, Jr., appeals his conviction of theft by shoplifting[1] and contends that (1) the evidence was insufficient to support the verdict, (2) the trial court erred by correcting minor errors in the jury charge without noting the changes in the record, and (3) the trial court erred in charging the jury on party to a crime without such language being in the indictment. We find no merit to Alford's contentions and affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Eady v. State.*[2]

So viewed, the evidence shows that Alford and an accomplice visited a Wal-Mart store and placed a television and several compact discs in a shopping cart. As they surveyed several of the store's emergency exits, they took the cart into an employee-only back room where merchandise was being processed by an employee. When confronted by the employee, Alford stated that they had been directed to that area to pick up some kerosene. Knowing that the store neither stored kerosene in the employee-only area nor sold it (if at all) from that location, the employee sent Alford and the accomplice out of the restricted area. The employee returned to the floor and minutes later heard an emergency exit alarm go off. She went to the emergency exit, which was jammed shut due to a malfunction, and found the abandoned cart with the same merchandise in it. The employee notified a manager and contacted a security guard (an off-duty police officer) who, based on the employee's description, located Alford and his accomplice in the store, confirmed their identity with the employee, and arrested them.

---

[1] OCGA § 16-8-14 (a) (1).

[2] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

Alford was charged with one count of theft by shoplifting. Following a jury trial, he was convicted and sentenced to serve ten years as a recidivist. Alford now appeals.

1. Alford challenges the sufficiency of the evidence, arguing (a) that there was no evidence that Alford did anything other than accompany another person with a shopping cart containing a television and compact discs, (b) that the evidence was purely circumstantial and did not exclude all reasonable hypotheses of his innocence, and (c) that the evidence did not support the jury's finding that the value of the goods was above the statutory $300 floor for a felony conviction. We disagree.

(a) "The standard of review for sufficiency of the evidence [in a criminal case] is set out in *Jackson v. Virginia*.[3] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Punctuation omitted.) *Taylor v. State*.[4]

The crime of theft by shoplifting is defined, in relevant part, as follows:

A person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: (1) Conceals or takes possession of the goods or merchandise of any store or retail establishment. . . .

OCGA § 16-8-14 (a) (1). "Whether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous." (Punctuation omitted.) *Foster v. State*.[5]

Here, the Wal-Mart employee testified that she saw Alford with his accomplice, and that "they had the buggy [containing the merchandise] with them." Alford had entered an employee-only area marked with a sign stating "Not an Exit" and misleadingly stated that he was looking for kerosene in the restricted area, which the employee knew to be false. The employee later saw Alford's cart,

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).

[5] *Foster v. State*, 192 Ga. App. 720 (386 SE2d 383) (1989).

with the same television and compact discs, abandoned at the jammed emergency exit. Another store employee testified that the store video showed Alford and his accomplice with the merchandise surveying the various emergency exits of the store and searching for exits in the employee-only area of the store. When the security guard apprehended Alford, neither he nor his accomplice had any cash or other means to pay for the merchandise. Under these circumstances, there was sufficient evidence to support a finding of guilt.

(b) Alford also argues that the evidence was purely circumstantial and failed to exclude every reasonable hypothesis of his innocence. See OCGA § 24-4-6.

> The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence excluded every reasonable hypothesis except that of guilt, not that it removed every possibility of the innocence of the defendant. Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where[, as here] the jury is properly instructed.

(Citation and punctuation omitted.) *Cloud v. State.*[6]

Here, there was uncontroverted direct evidence that Alford and his accomplice took the cart with the merchandise to a restricted area, that Alford falsely stated his purpose to the employee, that the two men surveyed the various emergency exits of the store, and that the men lacked any means to pay for the merchandise. To the extent that, in the factual scenario before us, Alford's criminal intent could only be shown by circumstantial evidence, we cannot discern, nor does Alford offer, any reasonable hypothesis for his innocence that is consistent with the evidence in this case. Based on this evidence, the jury was authorized to infer that Alford, "in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, . . . [took] possession of the goods." OCGA § 16-8-14 (a) (1).

(c) Alford also contends that the evidence did not support a finding that the value of the merchandise was more than the $300 floor for a felony conviction. See OCGA § 16-8-14 (b) (1). However, Alford ignores testimony by the Wal-Mart loss prevention manager that he had "over a $1,000 worth of merchandise," and by the

---

[6] *Cloud v. State*, 169 Ga. App. 51, 52 (1) (311 SE2d 491) (1983).

security guard who wrote a report at the scene and testified that the merchandise was worth "$1,057 and change."

> While the price tag of the merchandise taken or a copy thereof may be used to prove value, testimony on that issue will also suffice if the witness has an opportunity to form a correct opinion on the matter. We have routinely permitted store employees who were familiar with the items taken to establish their value.

(Citations omitted.) *Scott v. State.*[7] Accordingly, this enumeration is without merit.

2. Alford also contends that the trial court erred by correcting minor errors in the jury charge without noting the changes in the record. We discern no reversible error.

During jury deliberations, the jury requested the definition of theft by shoplifting. The following colloquy between the trial court and counsel ensued:

> Court: So what has been my practice of late is the court reporter has typed the charge as given by the court. I've reviewed it [for] accuracy, I made two minor corrections, and currently my office is copying it and making a sufficient number of copies for all the jurors as well as a copy for each of you and I intend to send that out to the jury. Any objection to that procedure by the State?
>
> State: None from the State.
>
> Court: Or by the defendant?
>
> Defense Counsel: No, your honor.
>
> Court: All right. As soon as they're made, if you'll just wait here, she'll bring yours or someone will bring your copies to you and then we'll deliver the remainder to the jury.

No objections ensued, and the record does not show what, if any, material change the trial court made to the jury charge, nor does Alford now assert any prejudice from the change. As the appellant, it is Alford's duty "to show error by the record," which he has failed to do by perfecting the record in the trial court. (Punctuation omitted.) *Brown v. State.*[8] Further, although Alford reserved his objection to the initial jury charge, Alford subsequently affirmatively acceded to

---

[7] *Scott v. State*, 234 Ga. App. 378, 379 (1) (506 SE2d 880) (1998).

[8] *Brown v. State*, 288 Ga. App. 671, 673 (1) (c) (655 SE2d 287) (2007).

the trial court's method of answering the jury's question; "[a] party cannot complain about errors he helped induce." *Stinchcomb v. State*.[9]

3. Finally, Alford contends that the trial court erred by charging the jury on party to a crime, even though Alford was not specifically indicted as a party to the shoplifting. However, OCGA § 16-2-21, which governs prosecutions of parties to a crime,

> does not require that one who is a party to the crime be indicted as a party; rather, it provides that one who is a party to the crime may be indicted, convicted and punished for that crime upon proof that he was a party to the crime. It follows, therefore, that the trial court also did not err by instructing the jury that [Alford] could be convicted of being a party to the crime of [theft by shoplifting].

(Citation and punctuation omitted.) *Byrum v. State*.[10] Further, by indicting Alford for theft by shoplifting, the State gave him ample notice that it intended to prosecute him for that crime. See *Brinson v. State*.[11] Accordingly, this enumeration is without merit.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 7, 2008.

*Mack & Harris, Robert L. Mack, Jr.*, for appellant.
*Jewel C. Scott, District Attorney, Dawn Belisle-Skinner, Assistant District Attorney*, for appellee.

---

[9] *Stinchcomb v. State*, 280 Ga. 170, 173 (4) (626 SE2d 88) (2006).
[10] *Byrum v. State*, 282 Ga. 608, 609-610 (2) (652 SE2d 557) (2007).
[11] *Brinson v. State*, 261 Ga. 884 (1) (413 SE2d 443) (1992).