## A09A2214. JONES v. THE STATE.
### (690 SE2d 862)

PHIPPS, Judge.

In 1999, Bruce Jones pled guilty to and received a ten-year probated sentence for possession of marijuana with intent to distribute. In 2009, he filed several pro se motions in which he asserted that his sentence was void because it was improperly enhanced by a prior conviction, that the imposition of the 1999 sentence violated his due process rights, that he did not receive a fair trial, and that both the 1999 judgment and the prior conviction should be reversed. Again pro se, Jones appeals the trial court's denial of these motions. For reasons that follow, we affirm.

1. Jones contends that his 1999 sentence was void because it had been enhanced by a 1986 conviction, for which he claims his probation had been improperly revoked. When a sentence is void, the trial court has jurisdiction to correct the sentence at any time, and its denial of a defendant's motion to do so is appealable as a matter of right.[1]

Assuming, without deciding, that Jones's argument could support a claim of a void sentence,[2] we nevertheless cannot conclude that the trial court's denial of Jones's motions constituted an abuse of discretion.[3] The record does not support Jones's contentions either that his probation in connection with the earlier conviction was improperly revoked or that the revocation led Jones to receive an improperly enhanced sentence. There are no references in the record to the 1986 conviction or the revocation of probation in connection therewith, except for Jones's own representations in his pleadings filed in the case. And the court imposed a sentence in 1999 that was within the applicable penalty range for the offense.[4] Thus, Jones has not met his burden of showing that the sentence he received in 1999 was void.[5]

2. Jones asserts several claims of error concerning the proceedings surrounding his 1999 guilty plea and sentencing. But Jones did

---

[1] See *Williams v. State*, 271 Ga. 686, 688-689 (1) (523 SE2d 857) (1999).

[2] See generally *Ayers v. State*, 181 Ga. App. 244, 250 (4) (b) (351 SE2d 692) (1986) (admission into evidence at pre-sentence hearing of illegal conviction voids sentence), disapproved on other grounds, *Anderson v. State*, 267 Ga. 116, 119 (2), n. 4 (475 SE2d 629) (1996).

[3] See generally *Williams v. State*, 301 Ga. App. 849, 851 (2) (689 SE2d 124) (2010) (reviewing denial of motion to vacate void sentence for abuse of discretion).

[4] See OCGA § 16-13-30 (j) (2); see also *Burg v. State*, 297 Ga. App. 118, 120 (676 SE2d 465) (2009) (where defendant admitted facts alleged in indictment through guilty plea, and sentence fell within appropriate statutory range, defendant was not given "enhanced" sentence beyond maximum penalty).

[5] See *Alford v. State*, 292 Ga. App. 514, 517 (2) (664 SE2d 870) (2008) (appellant has duty to show error by the record).

not seek a timely direct appeal of these claims of error pursuant to OCGA § 5-6-38, and his motion to obtain an out-of-time appeal was denied. He cannot now revive these time-barred claims by including them in an appeal from the denial of his motion to void the sentence.[6]

3. In addition to his claims of error by the court presiding over the 1999 action, Jones also claims error by the court presiding over the 1986 action. These claims do not concern the judgment on appeal, but instead assert error by a different court in a different case. Accordingly, these claims are not properly before this court, and we are not authorized to consider them.[7]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JANUARY 20, 2010 —
RECONSIDERATION DENIED FEBRUARY 16, 2010.

Bruce Jones, *pro se.*
*Louie C. Fraser, District Attorney*, for appellee.

---

[6] See generally OCGA § 5-6-34 (d) (allowing review of other judgments, rulings or orders rendered in case if such rulings may affect proceedings below). The right to challenge a sentence as void at any time and to bring a direct appeal from a trial court's ruling on such a challenge is limited to claims that the law does not allow the sentence and does not extend to allegations of erroneous procedure or unfair treatment. See *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004); *Williams*, supra, 271 Ga. at 689.

[7] See OCGA § 5-6-34 (d) (appellate court may review "all judgments, rulings, or orders rendered *in the case* which are raised on appeal") (emphasis supplied); see generally *Stewart v. Milliken*, 277 Ga. 659, 660 (593 SE2d 344) (2004) (appellate court reviews errors enumerated by appellant as to rulings that are properly before the court).