## A10A1842. TERRELL v. THE STATE.
### (699 SE2d 858)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, Nelson Terrell appeals his conviction of felony theft by shoplifting,[1] arguing that the evidence was insufficient to support his conviction. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Alford v. State*.[2]

So viewed, the record shows that on October 17, 2006, a Publix employee noticed Terrell enter the store with an empty shopping cart and then later exit the store with the shopping cart filled with two large baskets of baby formula. Terrell had not paid for the merchandise. The employee immediately notified the store manager, and the two of them went to the parking lot where they witnessed Terrell loading the formula into the trunk of a car. As Terrell pulled out of the parking lot, the store manager was able to get the license plate number of the car.

After police were notified and arrived on the scene, the only description the employee gave police of the perpetrator was that he was a tall man of a minority race. The store manager, on the other hand, provided the police with the perpetrator's license plate number, described the car as an "older, blue Volvo station wagon," and described the perpetrator as a tall, older man of a minority race. The reporting officer also indicated that he was told there were two males of a minority race involved. At trial, the employee provided a much more detailed description of the perpetrator, describing him as being of a minority race, around six-feet tall, middle-aged, with medium-length hair and no mustache. The manager also provided a more detailed description of the perpetrator, describing him as a tall man of a minority race, in his late 40s to mid 50s, with "scruffy" facial hair. Also, both the employee and the manager positively identified Terrell as the perpetrator.

After the police traced the license plate number to a blue Volvo, they were eventually referred by the car's owner to Terrell, whom police questioned on two separate occasions. During the initial

---

[1] OCGA § 16-8-14.

[2] *Alford v. State*, 292 Ga. App. 514, 514 (664 SE2d 870) (2008).

interrogation session, Terrell denied committing the felony, but agreed to be photographed for a photo lineup. Police took that photo lineup to the store manager, who positively identified Terrell as the perpetrator. In the second session, Terrell again denied the allegations. However, as he was being led to detainment, Terrell spontaneously uttered that he was in fact at the Publix store the night of the felony, but that he did not commit the crime. At the close of trial, the jury found Terrell guilty of shoplifting. This appeal followed.

Terrell contends that the evidence was insufficient to support his conviction of felony theft by shoplifting because: (1) the store employee and manager provided descriptions of Terrell to police that differed from descriptions they provided at trial; and (2) Terrell's spontaneous utterance about being at Publix the night of the theft was unrecorded.

"Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Wilson v. State*.[3] In this case, there was ample evidence to support Terrell's conviction. The license plate number was traced back to him, two witnesses identified him as the perpetrator of the theft, the store manager identified him in the photo lineup, and he admitted to police that he was at Publix the night of the theft. The fact that the store employee and manager gave the police less-detailed descriptions of the perpetrator than the descriptions they gave at trial was an issue for the jury to resolve. See id. (upholding a conviction even though the victim provided the police and the jury conflicting testimony about his assailant); *Vega v. State*[4] (upholding a conviction despite contradictory statements made by witnesses). Viewed in the light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find Terrell guilty of felony theft by shoplifting beyond a reasonable doubt. *Jackson v. Virginia*.[5]

As to the claim about Terrell's spontaneous utterance not being recorded, such merely went to the weight of the evidence, which was also a matter for the jury to resolve.

*Judgment affirmed. Barnes, P. J., and Smith, P. J., concur.*

DECIDED AUGUST 5, 2010.

*Teresa L. Smith*, for appellant.

[3] *Wilson v. State*, 257 Ga. App. 113, 115 (1) (570 SE2d 416) (2002).
[4] *Vega v. State*, 285 Ga. 32, 33 (1) (673 SE2d 223) (2009).
[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*W. Kendall Wynne, Jr., District Attorney, T. Buckley Levins, Assistant District Attorney*, for appellee.